Jennifer Pafiti (SBN 282790)
**POMERANTZ LLP**
468 North Camden Drive
Beverly Hills, CA 90210
Telephone:  (818) 532-6499
E-mail: jpafiti@pomlaw.com
*- additional counsel on signature page -*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SUNIL SUDUNAGUNTA, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

NANTKWEST, INC., PATRICK SOON-SHIONG, RICHARD J. TAJAK, ANGELA WILSON, and RICHARD GOMBERG,

Defendants.

Case No.

**CLASS ACTION**

**COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**

**DEMAND FOR JURY TRIAL**

Plaintiff Sunil Sudunagunta ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission

("SEC") filings, wire and press releases published by and regarding NantKwest, Inc. ("NantKwest" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet.

## NATURE OF THE ACTION

1.     This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased or otherwise acquired NantKwest securities between September 10, 2015 and March 10, 2016, both dates inclusive (the "Class Period"), seeking to recover damages caused by defendants' violations of the federal securities laws and to pursue remedies under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rules 10b-5 promulgated thereunder against the Company and certain of its top officials and/or directors.

2.     NantKwest, a biotechnology company, develops immunotherapeutic agents for various clinical conditions. The Company also holds right to commercialize a range of genetically modified derivatives that kills cancer and virally infected cells.

3.     Formerly known as Conkwest, Inc., the Company was founded in 2002 and changed its name to NantKwest, Inc. in July 2015. NantKwest is headquartered in San Diego, California, and the Company's stock trades on the NASDAQ under the ticker symbol "NK."

4.     Throughout the Class Period, defendants made materially false and misleading statements regarding the Company's business, operational and compliance

2

policies. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (i) NantKwest's financial statements contained errors related to stock-based awards to the Company's Chief Executive Officer ("CEO") and Executive Chairman defendant Patrick Soon-Shiong ("Soon-Shiong"); (ii) NantKwest's financial statements contained errors related to build-to-suit lease accounting related to one of the Company's research and development and good manufacturing practices ("GMP") facilities; (iii) the Company lacked effective internal financial controls; and (iv) as a result of the foregoing, NantKwest's public statements were materially false and misleading at all relevant times.

5.     On March 11, 2016, NantKwest announced that the Company's interim financial statements for the quarters ended June 30, 2015 and September 30, 2015 should no longer be relied upon due, in part, to the combined effect of financial statement errors primarily attributable to certain stock-based awards to defendant Soon-Shiong and build-to-suit lease accounting related to one of its research and development and GMP facilities.

6.     On this news, NantKwest stock fell $0.28, or 3.31%, to close at $8.17 on March 11, 2016.

7.     As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

3

## JURISDICTION AND VENUE

8.     The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78n(a) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5, 17 C.F.R. § 240.14a-9).

9.     This Court has jurisdiction over the subject matter of this action pursuant to § 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331.

10.     Venue is proper in this District pursuant to §27 of the Exchange Act, 15 U.S.C. §78aa and 28 U.S.C. §1391(b), as NantKwest is headquartered within this District.

11.     In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

12.     Plaintiff, as set forth in the attached Certification, acquired NantKwest securities at artificially inflated prices during the Class Period and was damaged upon revelation of the alleged corrective disclosures.

13.     Defendant NantKwest is a Delaware corporation with its principal executive offices located at 3530 John Hopkins Court, San Diego, California 92121.

14.     Defendant Soon-Shiong has served at all relevant times as the Company's

Executive Chairman and CEO.

15.   Defendant Richard J. Tajak ("Tajak") has served as Company's interim Chief Financial Officer ("CFO") since January 20, 2016.

16.   Defendant Angela Wilson ("Wilson") served as the Company's CFO between November 2015 and January 20, 2016.

17.   Defendant Richard Gomberg ("Gomberg") served as the Company's CFO between January 2010 and November 2015.

18.   The defendants referenced above in ¶¶ 14-17 are sometimes referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS
### Background

19.   NantKwest, a biotechnology company, develops immunotherapeutic agents for various clinical conditions. The Company also holds right to commercialize a range of genetically modified derivatives that kills cancer and virally infected cells.

20.   Formerly known as Conkwest, Inc., the Company was founded in 2002 and changed its name to NantKwest, Inc. in July 2015.

### Materially False and Misleading
### Statements Issued During the Class Period

21.   The Class Period begins on September 10, 2015, when NantKwest filed a quarterly report on Form 10-Q with the SEC announcing the Company's financial and operating results for the quarter ended June 30, 2015 (the "Q2 2015 10-Q").  For the

5

quarter, the Company reported a net loss of $84.58 million, or $1.29 per diluted share, on revenue of approximately $90,000.

22.     With respect to stock-based compensation, the Company stated, in part:

***Stock-Based Compensation***

The Company measures and recognizes compensation expense for all stock-based payment awards made to employees, officers and directors based on the estimated fair values of the awards as of the grant date. The Company records the value of the portion of the award that is ultimately expected to vest as expense over the requisite service period.

The Company also accounts for equity instruments issued to non-employees using a fair value approach under ASC Subtopic 505-50, Equity-Based Payments to Non-Employees. The Company values equity instruments and stock options granted using the Black-Scholes option-pricing model. The value of non-employee stock-based compensation is subject to periodic adjustments as the underlying equity instruments vest and is recognized as an expense over the term of the related financing or the period over which services are received.

. . .

The following table presents all stock-based compensation as included in the Company's condensed consolidated statement of operations:

| | Three Months Ended June 30, | | Six Months Ended June 30, | |
|---|---|---|---|---|
| | 2015 | 2014 | 2015 | 2014 |
| Stock-based compensation expense: | | | | |
| Warrants for Class A common stock to an officer and a director related to Inex Bio, Inc. acquisition (Note 3) | $ — | $ — | $ 22,747 | $ — |
| Warrants for Class A common stock to an officer | 75,918 | — | 75,918 | |
| Employee stock options | 2,521 | 29 | 3,609 | 164 |
| Non-employee stock options | 1,602 | 3 | 2,290 | 3 |
| | $ 80,041 | $ 32 | $ 104,564 | $ 167 |
| Stock-based compensation expense in operating expenses: | | | | |
| Research and development | $ 587 | $ — | $ 776 | $ — |
| Selling, general and administrative | 79,454 | 32 | 103,788 | 167 |
| | $ 80,041 | $ 32 | $ 104,564 | $ 167 |

23.     The Q2 2015 10-Q contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by defendants Soon-Shiong and Gomberg, stating that the

financial information contained in the Q2 2015 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

24.     On November 12, 2014, NantKwest filed a quarterly report on Form 10-Q with the SEC announcing the Company's financial and operating results for the quarter ended September 30, 2015 (the "Q3 2015 10-Q").   For the quarter, the Company reported a net loss of $42.65 million, or $0.55 per diluted share, on revenue of approximately $10,000.

25.     With respect to stock-based compensation expense, the Company stated, in part:

***Stock-Based Compensation***

The Company measures and recognizes compensation expense for all stock-based payment awards made to employees, officers and directors based on the estimated fair values of the awards as of the grant date. The Company records the value of the portion of the award that is ultimately expected to vest as expense over the requisite service period.

The Company also accounts for equity instruments issued to non-employees using a fair value approach under ASC Subtopic 505-50, Equity-Based Payments to Non-Employees. The Company values equity instruments and stock options granted using the Black-Scholes option-pricing model. The value of non-employee stock-based compensation is subject to periodic adjustments as the underlying equity instruments vest and is recognized as an expense over the term of the related financing or the period over which services are received.

. . .

The following table presents all stock-based compensation included in the Company's condensed consolidated statements of operations:

| | Three Months Ended September 30, | | Nine Months Ended September 30, | |
|---|---|---|---|---|
| | 2015 | 2014 | 2015 | 2014 |
| Stock-based compensation expense: | | | | |
| Warrants for Class A common stock to an officer and a director related to Inex Bio. Inc. acquisition (Note 3) | $ — | $ — | $ 22,747 | $ — |
| Warrants for Class A common stock to an officer | 4,745 | — | 80,663 | — |
| Employee stock options | 16,424 | 26 | 20,033 | 190 |
| Non-employee stock options | 784 | 3 | 3,074 | 6 |
| Restricted stock units | 14,150 | — | 14,150 | — |
| | $ 36,103 | $ 29 | $ 140,667 | $ 196 |
| Stock-based compensation expense in operating expenses: | | | | |
| Research and development | $ 364 | $ — | $ 1,140 | $ — |
| Selling, general and administrative | 35,739 | 29 | 139,527 | 196 |
| | $ 36,103 | $ 29 | $ 140,667 | $ 196 |

26.    The Q3 2015 10-Q contained signed certifications pursuant to SOX by defendants Soon-Shiong and Gomberg, stating that the financial information contained in the Q3 2015 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting

27.    On November 17, 2015, NantKwest announced the appointment of defendant Wilson as the Company's CFO, succeeding defendant Gomberg.

28.    On January 25, 2016, post-market, NantKwest announced defendant Wilson's resignation as the Company's CFO and the appointment of defendant Tajak as interim CFO of NantKwest.

29.    On this news, NantKwest stock fell $0.25, or 2.04%, to close at $11.99 on January 26, 2016.

30.    The statements referenced in ¶¶ 21-26 were materially false and misleading because defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (i) NantKwest's financial statements contained errors related to stock-

based awards to the Company's CEO and Executive Chairman defendant Soon-Shiong; (ii) NantKwest's financial statements contained errors related to build-to-suit lease accounting related to one of the Company's research and development and GMP facilities; (iii) the Company lacked effective internal financial controls; and (iv) as a result of the foregoing, NantKwest's public statements were materially false and misleading at all relevant times.

## **THE TRUTH EMERGES**

31.   On March 11, 2016, NantKwest announced that the Company's interim financial statements for the quarters ended June 30, 2015 and September 30, 2015 should no longer be relied upon due, in part, to the combined effect of financial statement errors primarily attributable to certain stock-based awards to the Company's CEO and Executive Chairman defendant Soon-Shiong and build-to-suit lease accounting related to one of its research and development and GMP facilities.  The Company stated, in part:

> On March 10, 2016, the Audit Committee of the Board of Directors (the "Audit Committee") of NantKwest, Inc. (the "Company") concluded, after discussion with management and Mayer Hoffman McCann P.C., the Company's independent registered public accounting firm, that the interim financial statements contained in the Company's quarterly reports on Form 10-Q for the quarters ended June 30, 2015 and September 30, 2015 should no longer be relied upon due to the combined effect of financial statement errors primarily attributable to certain stock-based awards to the Company's Chief Executive Officer and Executive Chairman and build-to-suit lease accounting related to one of its research and development and Good Manufacturing Practices (GMP) facilities.

> . . .

9

Management has determined that the errors described above were the result of a material weakness in the Company's internal control over financial reporting. Specifically, the material weakness, as disclosed in previous filings, is a result of inadequate staffing levels, resulting in insufficient time spent on review and approval of certain information used to prepare our financial statements and the maintenance of effective controls to adequately monitor and review significant transactions for financial statement completeness and accuracy. Management is continuing to assess the effect of the restatement on the Company's internal control over financial reporting and disclosure controls and procedures and expects to report its conclusions regarding these matters in the Company's Annual Report on Form 10-K for the year ended December 31, 2015 (the "2015 Form 10-K").

The Company intends to file restated interim financial statements for the quarters ended June 30, 2015 and September 30, 2015, previously filed by the Company in its Quarterly Reports on Form 10-Q for the same periods, in the Company's 2015 Form 10-K. The Company intends to restate the 2015 interim financial statements noted above in its 2016 quarterly reports as necessary. Based on the information regarding the affected periods in 2015 that the Company intends to include in its 2015 Form 10-K, the Company does not intend to file amendments to its quarterly reports on Form 10-Q for such periods at this time.

32.     On this news, NantKwest stock fell $0.28, or 3.31%, to close at $8.17 on March 11, 2016.

33.     As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

### PLAINTIFF'S CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired NantKwest securities during the Class Period (the "Class"); and were

damaged upon the revelation of the corrective disclosures. Excluded from the Class are defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

35.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, NantKwest securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by NantKwest or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

36.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

37.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

38.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by defendants' acts as alleged herein;

- whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of NantKwest;

- whether the Individual Defendants caused NantKwest to issue false and misleading financial statements during the Class Period;

- whether defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of NantKwest securities during the Class Period were artificially inflated because of the defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

39.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

40.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- NantKwest securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold NantKwest securities between the time the defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

41.   Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

42.   Alternatively, Plaintiffs and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

# COUNT I

## (Against All Defendants For Violations of
## Section 10(b) and Rule 10b-5 Promulgated Thereunder)

43.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

44.     This Count is asserted against defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

45.     During the Class Period, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of NantKwest securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire NantKwest securities and options at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the

actions set forth herein.

46.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for NantKwest securities.   Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about NantKwest's finances and business prospects.

47.     By virtue of their positions at NantKwest, defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to defendants.   Said acts and omissions of defendants were committed willfully or with reckless disregard for the truth.   In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

48.     Information showing that defendants acted knowingly or with reckless disregard for the truth is peculiarly within defendants' knowledge and control.   As the

senior managers and/or directors of NantKwest, the Individual Defendants had knowledge of the details of NantKwest's internal affairs.

49.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.  Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of NantKwest.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to NantKwest's businesses, operations, future financial condition and future prospects.  As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of NantKwest securities was artificially inflated throughout the Class Period.  In ignorance of the adverse facts concerning NantKwest's business and financial condition which were concealed by defendants, Plaintiff and the other members of the Class purchased or otherwise acquired NantKwest securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by defendants, and were damaged thereby.

50.     During the Class Period, NantKwest securities were traded on an active and efficient market.  Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or

otherwise acquired shares of NantKwest securities at prices artificially inflated by defendants' wrongful conduct.  Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid.  At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of NantKwest securities was substantially lower than the prices paid by Plaintiff and the other members of the Class.  The market price of NantKwest securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

51.     By reason of the conduct alleged herein, defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

52.     As a direct and proximate result of defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

### (Violations of Section 20(a) of the
### Exchange Act Against The Individual Defendants)

53.     Plaintiff repeats and realleges each and every allegation contained in the

17

foregoing paragraphs as if fully set forth herein.

54.   During the Class Period, the Individual Defendants participated in the operation and management of NantKwest, and conducted and participated, directly and indirectly, in the conduct of NantKwest's business affairs.   Because of their senior positions, they knew the adverse non-public information about NantKwest's misstatement of income and expenses and false financial statements.

55.   As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to NantKwest's financial condition and results of operations, and to correct promptly any public statements issued by NantKwest which had become materially false or misleading.

56.   Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which NantKwest disseminated in the marketplace during the Class Period concerning NantKwest's results of operations.   Throughout the Class Period, the Individual Defendants exercised their power and authority to cause NantKwest to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of NantKwest within the meaning of Section 20(a) of the Exchange Act.   In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of NantKwest securities.

57.     Each of the Individual Defendants, therefore, acted as a controlling person of NantKwest.  By reason of their senior management positions and/or being directors of NantKwest, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, NantKwest to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of NantKwest and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

58.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by NantKwest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated:   March 22, 2016

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone:  (818) 532-6499
E-mail: jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
Marc Gorrie
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email:  jalieberman@pomlaw.com
        ahood@pomlaw.com
        mgorrie@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom

20

10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184
Email:  pdahlstrom@pomlaw.com

**GOLDBERG LAW PC**
Michael Goldberg
Brian Schall
13650 Marina Pointe Dr. Ste. 1404
Marina Del Rey, CA 90292
Telephone: 800-977-7401
Fax: 800-536-0065
Email:  michael@goldberglawpc
        brian@goldberglawpc

*Attorneys for Plaintiff*