UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNIL SUDUNAGUNTA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NANTKWEST, INC., PATRICK SOON-SHIONG, RICHARD GOMBERG, BARRY J. SIMON, STEVE GORLIN, MICHAEL D. BLASZYK, HENRY JI, RICHARD KUSSEROW, JOHN T. POTTS, JR., ROBERT ROSEN, JOHN C. THOMAS, JR., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., CITIGROUP GLOBAL MARKETS INC., JEFFERIES LLC, PIPER JAFFRAY & CO., and MLV & CO., LLC.,<br><br>Defendants. | No. 2:16-cv-01947-MWF-JEM<br><br>Consolidated with<br>2:16-cv-3438-MWF-JEM<br><br><u>CLASS ACTION</u><br><br>**STIPULATED PROTECTIVE ORDER** |

1. A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

B. GOOD CAUSE STATEMENT

This action is likely to involve development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted

reasonable necessary uses of such material in preparation for and in the conduct of this litigation, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. <u>DEFINITIONS</u>

    2.1    <u>Action</u>: this pending federal law suit, case No. 2:16-CV-01947-MWF-JEM, including all actions consolidated therein.

    2.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or as specified above in the Good Cause Statement.

    2.4    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

    2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in this Action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated voluntarily or in disclosures or responses to discovery in this Action.

    2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve

as an expert witness or as a consultant in this Action, together with such person's support firm (if any).

2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or

STIPULATED PROTECTIVE ORDER
2:16-CV-01947-MWF-JEM
4
NantKwest Stipulated Protective Order.docx

extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix, at a minimum, the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions or other proceedings, that the Designating Party, within 21 days after receiving the final transcript, specify in writing to all Parties the portions of the transcript that contain CONFIDENTIAL Information or Items. The entirety of the deposition or other testimony shall constitute Protected Material prior to the expiration of such 21-day period; thereafter, only the portions so specified shall constitute Protected Material. In addition to or in lieu of the foregoing procedure, the Designating Party may designate on the record of the deposition or other proceeding the portions that contain CONFIDENTIAL Information or Items.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix, at a minimum, in a prominent place on the exterior of the container or containers in which the information is stored, the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).[1]

5.3 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate, or failure to properly designate, information or items does not waive the Designating Party's right to do so. Upon correction of a designation, the Receiving

---

[1] A Party or Non-Party that believes in good faith that CONFIDENTIAL Information or Items contain its highly confidential and competitively sensitive business information, <u>and</u> that such information could cause competitive harm if viewed by an individual Receiving Party, or the officers, directors, or employees (including House Counsel) of a Receiving Party that is an entity, may designate such information or items "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the same manner as it could designate such information or items "CONFIDENTIAL." Such information or items shall be treated the same as other Protected Material under this Stipulated Protective Order, except that they shall not be disclosed to an individual Receiving Party, or to the officers, directors, or employees (including House Counsel) of a Receiving Party that is an entity. The Parties hereto recognize that such a designation impedes the ability of counsel to communicate with their clients, and shall be used only sparingly to avoid competitive injury.

1 Party must make reasonable efforts to assure that the material is treated in
2 accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner that reasonably ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of Protected Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the Receiving Party, if an individual, or the officers, directors, and employees (including House Counsel) of the Receiving Party, if an entity, to whom disclosure is reasonably necessary for this Action (except that information or items designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to such persons);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) (although in the case of mock jurors, it shall be sufficient if they sign an undertaking to maintain in confidence the information disclosed to them in the course of serving as mock jurors);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their deposition or other testimony in the Action and in preparation therefor, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided that: (1) the Party imparting the Protected Material to the witness requests that the witness sign the

STIPULATED PROTECTIVE ORDER 9 NantKwest Stipulated Protective Order.docx
2:16-CV-01947-MWF-JEM

"Acknowledgment and Agreement to Be Bound" (Exhibit A hereto); and (2) the witness will not be permitted to keep copies of any Protected Material unless he or she signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena, court order, discovery request, or other process in another litigation or proceeding that seeks or purports to compel disclosure of any Protected Material (collectively, a "Disclosure Request"), that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the Disclosure Request;

(b) promptly notify in writing the party who caused the Disclosure Request to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The Party that received the Disclosure Request shall not produce any Protected Material in response to the Disclosure Request unless and until (1) the time for the affected Designating Party to seek a protective order from the court or other tribunal from which the Disclosure Request issued has expired without the Designating Party having sought such an order; or (2) the request for a protective order has been finally denied by that court or tribunal, with no further opportunity for appeal or review of such denial. The Designating Party shall bear the burden and expense of seeking protection for its confidential material in the other court or

tribunal. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

    (a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    (b) In the event that a Party is required, by a valid discovery request in this Action, to produce a Non-Party's confidential information in its possession, custody, or control, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        (1) promptly notify in writing the requesting party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

        (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

        (3) make the information requested available for inspection by the Non-Party, if requested.

    (c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Party that received the discovery request may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce such information before a

determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Nothing in this Order shall require production of information that a Party contends is protected from disclosure by the attorney-client privilege, the work product immunity, or other privilege, doctrine, right, or immunity. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Fed. R. Evid. 502(d), where the three requirements described in Fed. R. Civ. P. 502(b) are satisfied such that inadvertent production of a privileged or protected document is not a waiver of privilege or protection from discovery in this case, it shall not operate as a waiver in any other federal or state proceeding.

## 12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.3 Nothing in this Stipulated Protective Order shall in any way limit a Designating Party's ability to use or disclose its own CONFIDENTIAL Information or Items.

## 13. FINAL DISPOSITION

Within 60 days after final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) summarizes the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party

has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED**, THROUGH COUNSEL OF RECORD.

Dated: November 21, 2017　　　WILSON SONSINI GOODRICH & ROSATI
　　　　　　　　　　　　　　　　Professional Corporation


　　　　　　　　　　　　　　　By: /s/Cynthia A. Dy

　　　　　　　　　　　　　　　Boris Feldman
　　　　　　　　　　　　　　　Cynthia A. Dy
　　　　　　　　　　　　　　　Michael R. Petrocelli
　　　　　　　　　　　　　　　650 Page Mill Road
　　　　　　　　　　　　　　　Palo Alto, CA 94304-1050
　　　　　　　　　　　　　　　Telephone: (650) 493-9300
　　　　　　　　　　　　　　　Facsimile: (650) 565-5100
　　　　　　　　　　　　　　　Email:　　boris.feldman@wsgr.com
　　　　　　　　　　　　　　　　　　　　cdy@wsgr.com
　　　　　　　　　　　　　　　　　　　　mpetrocelli@wsgr.com

　　　　　　　　　　　　　　　*Attorneys for Defendants*
　　　　　　　　　　　　　　　*NantKwest, Inc., Patrick Soon-Shiong, Richard*
　　　　　　　　　　　　　　　*Gomberg, Barry J. Simon, Steve Gorlin, Michael*
　　　　　　　　　　　　　　　*D. Blaszyk, Henry Ji, Richard Kusserow, John T.*
　　　　　　　　　　　　　　　*Potts, Jr., Robert Rosen, and John C. Thomas Jr.*

Dated: November 21, 2017　　　MUNGER TOLLES & OLSON LLP


　　　　　　　　　　　　　　　By: /s/James C. Rutten

　　　　　　　　　　　　　　　George M. Garvey
　　　　　　　　　　　　　　　James C. Rutten
　　　　　　　　　　　　　　　Sara N. Taylor
　　　　　　　　　　　　　　　350 South Grand Avenue, 50th Floor
　　　　　　　　　　　　　　　Los Angeles, California 90071-3426
　　　　　　　　　　　　　　　Telephone: (213) 683-9100
　　　　　　　　　　　　　　　Fax: (213) 687-3702
　　　　　　　　　　　　　　　Email: George.Garvey@mto.com
　　　　　　　　　　　　　　　James.Rutten@mto.com
　　　　　　　　　　　　　　　Sara.Taylor@mto.com

　　　　　　　　　　　　　　　*Attorneys for Defendants Merrill Lynch, Pierce,*
　　　　　　　　　　　　　　　*Fenner & Smith Incorporated, Citigroup*
　　　　　　　　　　　　　　　*Global Markets Inc., Jefferies LLC, Piper Jaffray*
　　　　　　　　　　　　　　　*& Co., MLV & Co., LLC*

| | | |
|---|---|---|
| 1 | Dated: November 21, 2017 | GLANCY PRONGAY & MURRAY LLP |
| 2 | | |
| 3 | | By: /s/Kara M. Wolke |
| 4 | | Robert V. Prongay |
| | | Kara M. Wolke |
| 5 | | Alexa Mullarky |
| 6 | | 1925 Century Park East, Suite 2100 |
| | | Los Angeles, California 90067 |
| 7 | | Telephone: (310) 201-9150 |
| | | Email: rprongay@glancylaw.com |
| 8 | | kwolke@glancylaw.com |
| | | amullarky@glancylaw.com |
| 9 | | |
| 10 | | POMERANTZ LLP |
| 11 | | Jennifer Pafiti |
| | | 468 North Camden Drive |
| 12 | | Beverly Hills, CA 90210 |
| | | Telephone: (818) 532-6449 |
| 13 | | Email: jpafiti@pomlaw.com |
| 14 | | |
| | | Patrick V. Dahlstrom |
| 15 | | Joshua B. Silverman |
| | | Omar Jafri |
| 16 | | 10 South La Salle Street, Suite 305 |
| | | Chicago, Illinois 60603 |
| 17 | | Telephone: (312) 377-1181 |
| | | Email: pdahlstrom@pomlaw.com |
| 18 | | jbsilverman@pomlaw.com |
| 19 | | ojafri@pomlaw.com |
| 20 | | Jeremy A. Lieberman |
| | | J. Alexander Hood II |
| 21 | | 600 Third Avenue, 20th Floor |
| 22 | | New York, New York 10016 |
| | | Telephone: (212) 661-1100 |
| 23 | | Email: jalieberman@pomlaw.com |
| | | ahood@pomlaw.com |
| 24 | | |

| | |
|---|---|
| | BRAGAR EAGEL & SQUIRE P.C.<br>Lawrence Eagel<br>Todd H. Henderson<br>885 Third Avenue, Suite 3040<br>New York, New York 10022<br>Telephone: (212) 308-5858<br>Email: eagel@bespc.com<br>         henderson@bespc.com |

FOR GOOD CAUSE SHOWN, **IT IS SO ORDERED.**

DATED: November 29, 2017         /s/ John E. McDermott
                                                 United States District/Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Sudunagunta v. NantKwest, Inc. et al.*, Case No. 2:16-CV-01947-MWF-JEM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

## **ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4**

I, Cali Tran, am the ECF User whose identification and password are being used to file the **STIPULATED PROTECTIVE ORDER**. In compliance with Local Rule 5-4.3.4, I hereby attest that each of the signatories above has concurred in this filing.

Dated: November 21, 2017

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/CaliTran
Cali Tran

*Attorney for Defendants*

*NantKwest, Inc., Patrick Soon-Shiong, Richard Gomberg, Barry J. Simon, Steve Gorlin, Michael D. Blaszyk, Henry Ji, Richard Kusserow, John T. Potts, Jr., Robert Rosen, and John C. Thomas Jr.*