Robert V. Prongay (SBN 270796)
Kara M. Wolke (SBN 241521)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
E-mail: kwolke@glancylaw.com

Jennifer Pafiti (SBN 282790)
**POMERANTZ LLP**
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6449
E-mail: jpafiti@pomlaw.com
[Additional Counsel on Signature Page]

*Attorneys for Class Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNIL SUDUNAGUNTA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NANTKWEST, INC., PATRICK SOON-SHIONG, RICHARD GOMBERG, BARRY J. SIMON, STEVE GORLIN, MICHAEL D. BLASZYK, HENRY JI, RICHARD KUSSEROW, JOHN T. POTTS, JR., ROBERT ROSEN, JOHN C. THOMAS JR., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., CITIGROUP GLOBAL MARKETS INC., JEFFERIES LLC, PIPER JAFFRAY & CO., and MLV & CO., LLC.,<br><br>Defendants. | Case No. 16-cv-01947-MWF-JEM<br><br>Consolidated with 2:16-cv-3438-MWF-JFM<br><br>CLASS ACTION<br><br>**DECLARATION OF DAVID J. STONE IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE TO THE SETTLEMENT CLASS**<br><br>Date: December 10, 2018<br>Time: 10:00 am<br>Before: Hon. Michael Fitzgerald<br>Courtroom: 5A |

I, David J. Stone, an attorney, do hereby declare that:

1. I am an attorney licensed to practice in the Central District of California. I am a partner in the firm of Bragar Eagel & Squire, P.C., Co-Class Counsel in the above-captioned litigation. I submit this declaration in support of Class Counsel's Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class filed herewith. I have personal knowledge of the facts asserted herein, and could testify to those facts if called to do so.

2. Attached hereto as Exhibit 1 is a true and correct copy of the Stipulation of Settlement executed on October 31, 2018.[1] The Stipulation of Settlement includes the following attachments: (1) Exhibit A, Order for Notice and Hearing; (2) Exhibit A-1, Mailed Notice; (3) Exhibit A-2, Proof of Claim and Release; and, (4) Exhibit A-3, Summary Notice.

3. After the Court issued its order denying Defendants' motion to dismiss the Third Consolidated Amended Class Action Complaint, the parties engaged in discovery. Lead Plaintiffs issued and responded to interrogatories and requests for production. Defendants and third-parties produced over 140,000 pages of documents in response to Lead Plaintiffs' requests for production. The parties conducted seven depositions, including three defense witnesses, both

[1] Capitalized terms not defined herein have the meaning set forth in the Stipulation.

Class Plaintiffs, and two non-parties. These documents were reviewed by Lead Plaintiffs' Counsel prior to mediation.

4. Class Counsel deposed NantKwest executive Charles Kim, who played a major role in NantKwest's negotiations with Celgene; John Thomas, Jr., a NantKwest board member and audit committee member; Sean Clayton of Cooley LLP, who led much of the due diligence that the underwriter defendants conducted for the NantKwest IPO; and Jacqueline Dale and Steve Fanuchi, two senior members of the audit team from NantKwest's auditor, Mayer Hoffman McCann, P.C. Both Class Plaintiffs also were deposed.

5. The settlement was reached through a protracted mediation before Robert Meyer, Esq., an experienced mediator. The parties participated in an in-person session on March 14, 2018, but did not reach a settlement. The parties continued negotiations for several months with the assistance of the mediator.

6. On September 7, 2018, the mediator made a mediator's proposal to all parties recommending that the parties settle this Action for the Settlement Amount of $12 million. The parties accepted the mediator's proposal on September 14, 2018 and executed a binding Memorandum of Understanding on September 25, 2018. The parties then finalized the terms of the settlement and executed the Stipulation on October 31, 2018.

7. Under the terms of the Settlement, NantKwest's insurer will pay $12 million on behalf of all Defendants into an escrow account maintained by Class Counsel, within 20 business days of the Court's preliminary settlement approval (the "Settlement Fund").

8. The Settlement Fund, including any interest earned thereon, shall be used first to pay the following: (1) taxes and tax expenses; (2) notice and Administration Expenses; (3) attorneys' fees and expenses as approved by the Court; and, (4) compensatory awards to the Class Plaintiffs as approved by the Court. Upon the Effective Date, the remaining balance, the Net Settlement Fund, shall be paid to Authorized Claimants on a pro rata basis as set forth in the Mailed Notice and proposed Plan of Allocation.

9. In exchange for the Settlement Amount, upon the Effective Date, Class Plaintiffs and Class Members who do not timely and validly exclude themselves, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever, released, relinquished, settled, and discharged the Released Parties from the Released Claims and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any of the Released Claims against any of the Released Parties, directly, indirectly, or otherwise, whether or not such Class Plaintiffs or Class Members execute and deliver a Proof of Claim and Release to the Settlement Administrator. Upon the Effective

Date, Defendants shall also release and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any claim against Class Plaintiffs, Class Members, or Class Counsel related to this Action or the prosecution thereof.

10. Class Counsel intend to move for an award of attorneys' fees in an amount not to exceed twenty-five percent (25%) of the total Settlement Fund. Class Counsel also intend to seek reimbursement of costs not to exceed $250,000.00. Lastly, Class Counsel shall seek a compensatory award not to exceed $7,500 for each Class Plaintiff, in recognition of their time and efforts expended in this litigation.

11. The parties have been litigating this case vigorously since its commencement in 2015. Prior to engaging in settlement negotiations, Class Plaintiffs and Class Counsel conducted an extensive review of all relevant public filings and other publicly-available information; prepared the Consolidated Amended Class Action Complaint, the Second Consolidated Amended Class Action Complaint, and the Third Consolidated Amended Class Action Complaint; briefed Defendants' motions to dismiss the Consolidated Amended Class Action Complaint and the Third Consolidated Amended Class Action Complaint; and consulted with experts. Class Counsel also conducted the discovery described above and participated in the mediation and settlement negotiations.

12. Class Counsel and Liaison Counsel are nationally-recognized law firms experienced in the area of securities litigation and class action.

13. Attached hereto as Exhibit 2 is a true and correct copy of Pomerantz LLP's firm resume.

14. Attached hereto as Exhibit 3 is a true and correct copy of Bragar Eagel & Squire, P.C.,'s firm resume.

15. Attached hereto as Exhibit 4 is a true and correct copy of Glancy Prongay & Murray LLP's firm resume.

16. If litigation proceeded, Class Plaintiffs would have to prevail on defendants' interlocutory appeal pursuant to Federal Rule of Civil Procedure 23(f) now pending before the United States Court of Appeals for the Ninth Circuit or face a considerably smaller class with much lower aggregate damages. Additionally, even before trial, Class Plaintiffs would face the expense, delay and risk of expert discovery and dispositive motions.

17. At trial, while Class Plaintiffs believe their claims have merit, Defendants would be expected to mount a vigorous defense. There is no certainty that Class Plaintiffs would prevail at trial. Class Plaintiffs will face significant challenges, in particular, with negative causation defenses Defendants are expected to raise at trial. And, even if Class Plaintiffs prevailed at trial,

Defendants could appeal, further delaying and potentially undermining any recovery.

18. The Settlement amount of $12 million constitutes between approximately 10.5% and 30.5% of the most likely recoverable damages, if Class Plaintiffs prevail on all claims, depending on whether the Class is maintained as certified. After consulting with their experts, Class Plaintiffs estimate that if they prevailed on all of their claims based upon the class as currently constituted, the maximum recovery would be $114.6 million. Class Plaintiffs estimate that if Defendants prevailed on their petition for interlocutory appeal under Rule 23(f), and the class was restricted to exclude purchasers after August 7, 2016, the maximum recovery would be $39.4 million. The Class's recovery would be materially less if Defendants prevailed on their negative causation defenses.

19. Class Plaintiffs and all Settlement Class members will receive *pro rata* recoveries based on the same recognized loss calculation formula.

20. The Mailed Notice includes all of the information required by Rule 23(c)(3) and the PSLRA, such as the Class definition, that a Class Member may appear through counsel, the time and manner for requesting an exclusion, a statement of recovery, and the reasons for the Settlement.

21. The proposed Preliminary Approval Order directs that within twenty (20) calendar days after entry of the Preliminary Approval Order, Class Counsel

shall cause the Mailed Notice to be mailed to all Class members who can be identified with reasonable effort. In addition to the Mailed Notice, a Summary Notice will be published twice on a national business newswire.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 9, 2018.

*<u>/s/ David J. Stone</u>*
David J. Stone, Esq.

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old. On November 9, 2018, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this November 9, 2018, at Los Angeles, California.

*/s/ Kara M. Wolke*
Kara M. Wolke