EXHIBIT 1

WILSON SONSINI GOODRICH &
ROSATI P.C.
Boris Feldman
650 Page Mill Road
Palo Alto, CA  94304
Telephone: (650) 493-9300
boris.feldman@wsgr.com

*Counsel for Defendants NantKwest, Inc.,
Patrick Soon-Shiong, Richard Gomberg,
Barry J. Simon, Steve Gorlin, Michael D.
Blaszyk, Henry Ji, Richard Kusserow, John
T. Potts, Jr., Robert Rosen, and John C.
Thomas Jr.*

MUNGER TOLLES & OLSON LLP
James C. Rutten
350 South Grand Avenue
50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
james.rutten@mto.com

*Counsel for Defendants Merrill Lynch,
Pierce, Fenner & Smith Incorporated,
Citigroup Global Markets Inc., Jefferies
LLC, Piper Jaffray & Co., And MLV & Co.,
LLC*

[*Additional counsel on signature page*]

POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone:  (818) 532-6449
jpafiti@pomlaw.com

BRAGAR EAGEL & SQUIRE P.C.
David J. Stone (SBN 208961)
885 Third Avenue, Suite 3040
New York, New York 10022
Telephone:  (212) 308-5858
stone@bespc.com

*Co-Lead Counsel for Plaintiffs and
the Class*

GLANCY PRONGAY &
MURRAY LLP
Robert V. Prongay
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
rprongay@glancylaw.com

*Liaison Counsel for Plaintiffs and
the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SUNIL SUDUNAGUNTA, et al.,

Plaintiffs,

v.

NANTKWEST, INC., et al.,

Defendants.

Case No. 2:16-cv-01947-MWF-JEM

**STIPULATION OF SETTLEMENT**

STIPULATION OF SETTLEMENT                    Case No. 2:16-cv-01947-MWF-JEM

This Stipulation of Settlement (the "Stipulation"), dated October 31, 2018, is made and entered into by and between Donald Hu and Brayton Li ("Class Plaintiffs"), on behalf of themselves and other Class members, and Defendants NantKwest, Inc. ("NantKwest"), Patrick Soon-Shiong, Richard Gomberg, Barry J. Simon, Steve Gorlin, Michael D. Blaszyk, Henry Ji, Richard Kusserow, John T. Potts, Jr., Robert Rosen, and John C. Thomas Jr., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Citigroup Global Markets Inc., Jefferies LLC, Piper Jaffray & Co., and MLV & Co., LLC (collectively, "Defendants") (Class Plaintiffs and Defendants are referred to collectively as the "Parties" and each as a "Party") in the above-captioned action (including the consolidated cases listed below, "the Action"), by and through their respective counsel of record in the Action.  This Stipulation is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined below), upon the terms and subject to the conditions hereof, and subject to the approval of the Court.

WHEREAS, the following cases were commenced in the United States District Court for the Central District of California on or after March 22, 2016:

|   | Abbreviated Case Name | Case Number |
|---|---|---|
| 1. | *Sudunagunta v. NantKwest, Inc.* | No. 16-cv-01947-MWF-JEM |
| 2. | *Forsythe v. NantKwest, Inc.* | No. 16-cv-03438-MWF-JEM |

WHEREAS, on June 3, 2016, the Court consolidated the aforementioned cases;

WHEREAS, on June 14, 2016, the Court appointed Class Plaintiffs Donald Hu and Brayton Li to be Lead Plaintiffs, appointed Pomerantz LLP and Bragar Eagel & Squire P.C. as Co-Lead Counsel, and appointed Glancy, Prongay & Murray LLP as Liaison Counsel;

WHEREAS, on August 4, 2016, Class Plaintiffs filed a Consolidated Amended Class Action Complaint;

WHEREAS, on October 6, 2016, Defendants moved to dismiss the Consolidated Amended Class Action Complaint;

WHEREAS, on October 11, 2016, the Court consolidated into this Action the following additional actions which were initially filed in California state court, then were removed to the United States District Court for the Central District of California (the "Removed Actions"):

| | Abbreviated Case Name | Case Number |
|---|---|---|
| 1. | *Wagner v. NantKwest, Inc.* | No. 16-cv-06703-MWF-JEM |
| 2. | *Hare v. NantKwest, Inc.* | No. 16-cv-06697-MWF-JEM |
| 3. | *Wiencek v. NantKwest, Inc.* | No. 16-cv-06705-MWF-JEM |
| 4. | *Frye v. NantKwest, Inc.* | No. 16-cv-06700-MWF-JEM |

WHEREAS, on October 7, 2017, the plaintiffs in the Removed Actions moved for Relief from the Court's June 14, 2016 Order appointing lead plaintiff and lead counsel, which motion the Court denied on February 6, 2017;

WHEREAS, on May 16, 2017, the Court issued an Order granting in part and denying in part Defendants' motion to dismiss the Consolidated Amended Class Action Complaint;

WHEREAS, on June 5, 2017, Class Plaintiffs filed a Second Consolidated Amended Class Action Complaint, and on July 10, 2017, filed a Third Consolidated Amended Class Action Complaint;

WHEREAS, on July 31, 2017, Defendants moved to dismiss the Third Consolidated Amended Class Action Complaint;

STIPULATION OF SETTLEMENT                                    Case No. 2:16-cv-01947-MWF-JEM

WHEREAS, on September 20, 2017, the Court issued an Order denying Defendants' motion to dismiss the Third Consolidated Amended Class Action Complaint;

WHEREAS, on March 14, 2018, the Parties participated in an in-person mediation session before Robert Meyer, Esq.;

WHEREAS, on April 2, 2018, Class Plaintiffs moved to strike from the Third Consolidated Amended Class Action Complaint claims brought under the Securities Exchange Act of 1934, and moved for class certification with respect to remaining claims brought under the Securities Act of 1933;

WHEREAS, on August 13, 2018, the Court entered an Order permitting Class Plaintiffs to withdraw claims brought under the Securities Exchange Act of 1934, but directing them to do so by filing a fourth amended complaint, granting certification of the Class, as defined below, and appointing Class Plaintiffs to serve as class representatives and their counsel of record to serve as Class Counsel;

WHEREAS, on August 24, 2018, Class Plaintiffs filed the Fourth Consolidated Amended Class Action Complaint, which is the operative complaint in this Action;

WHEREAS, on August 27, 2018, the NantKwest Defendants filed a petition for permission to appeal the Court's August 13, 2018 Order granting class certification pursuant to Federal Rule of Civil Procedure 23(f), and the Underwriter Defendants joined in that petition;

WHEREAS, on September 7, 2018, the mediator made a mediator's proposal to all Parties recommending the settlement of this Action for the Settlement Amount, as defined below;

STIPULATION OF SETTLEMENT        Case No. 2:16-cv-01947-MWF-JEM

WHEREAS, on September 14, 2018, the Parties accepted the mediator's proposal, and on September 25, 2018, executed a binding Memorandum of Understanding;

WHEREAS, Class Plaintiffs believe that the claims asserted have merit;

WHEREAS, Defendants have denied and continue to deny each and all of the claims, contentions, liability and damages alleged by Class Plaintiffs;

WHEREAS, nonetheless the Parties have considered the uncertainty and risks inherent in any litigation, have considered that further conduct of the Action would be protracted and expensive, and have concluded that it is desirable that the Action be fully and finally settled in the manner and upon terms and conditions set forth herein; and

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED between Class Plaintiffs and Defendants, by and through their undersigned counsel, that the Action and the Released Claims shall be settled, compromised, and dismissed with prejudice, subject to the approval of the Court, in the manner and upon the terms and conditions hereafter set forth.

## I.    DEFINITIONS

To the extent not otherwise defined herein, as used in this Stipulation, the following terms have the meanings specified below:

A.    "Action" means the above-captioned class action lawsuit, together with all lawsuits consolidated therein.

B.    "Authorized Claimant" means a member of the Class who submits a timely and valid Proof of Claim and Release form to the Settlement Administrator and whose proof of claim is not rejected.  Only those members of the Class filing valid and timely Proofs of Claim and Releases shall be entitled to receive any distributions from the Net Settlement Fund.

C.      "Class" or "Class Member" means the Class certified by the Court's August 13, 2018 Order, consisting of:

> All persons who purchased or otherwise acquired NantKwest, Inc. ("NantKwest" or the "Company") common stock in or traceable to NantKwest's July 28, 2015 initial public offering ("IPO"). Excluded from the Class are anyone named as a defendant in this litigation, the present and former officers and directors of NantKwest and any subsidiary thereof, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any defendant (or combination of defendants) have or had (during the period July 28, 2015 to the present) a controlling interest.

D.      "Class Counsel" means the law firms of Pomerantz LLP, Bragar, Eagel & Squire P.C., and Glancy Prongay & Murray LLP.

E.      "Compensatory Award" means an award by the Court to Class Plaintiffs for their time and expenses incurred in assisting Class Counsel in their litigation of this Action.

F.      "Compensatory Award Application" means an application to the Court for a Compensatory Award.

G.      "Court" means the United States District Court for the Central District of California.

H.      "Effective Date" means the first date by which all of the conditions to the Settlement specified in Section X.A of this Stipulation have been satisfied.

I.      "Escrow Account" means an interest bearing escrow account established by the Escrow Agent to receive the Settlement Amount.

J.      "Escrow Agent" means The Huntington National Bank.

K.      "Execution Date" means the last date upon which this Stipulation has been signed by all the signatories hereto through their counsel.

L.      "Fee Award" means any award by the Court to Class Counsel and/or liaison counsel pursuant to a Fee and Expense Application.

STIPULATION OF SETTLEMENT                          Case No. 2:16-cv-01947-MWF-JEM

M.   "Fee and Expense Application" means one or more applications to the Court for distributions to Class Counsel and/or liaison counsel from the Gross Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including experts and consultants, incurred in connection with prosecuting the Action plus any interest on such attorneys' fees, costs and expenses at the same rate and for the same periods as earned by the Gross Settlement Fund (until paid).

N.   "Final" as used herein with respect to the Judgment means the date by which the Judgment shall have been entered by the Court and either: (i) the time for appeal from the Judgment has expired with no appeal taken; or (ii) if the Judgment is appealed, such appeal is dismissed or withdrawn, or the Judgment has been affirmed in all material respects and is no longer subject to further appeal or other review.   For purposes of this paragraph, an "appeal" shall include any petition for writ of certiorari or other writ that may be filed in connection with approval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses or the Plan of Allocation.

O.   "Final Approval Hearing" means the final hearing to be held by the Court to determine whether the proposed Settlement should be approved as fair, reasonable and adequate; whether an order approving the Settlement should be entered thereon; whether the Plan of Allocation of the Settlement Fund should be approved; and whether and in what amounts to award attorneys' fees and expenses to Class Counsel and reimbursement to Class Plaintiffs.

P.   "Gross Settlement Fund" means the Settlement Amount defined herein (or any proceeds therefrom), plus all interest earned thereon.

Q.   "Judgment" means the proposed final order and judgment to be entered by the Court approving the Settlement, substantially in the form attached

STIPULATION OF SETTLEMENT                          Case No. 2:16-cv-01947-MWF-JEM

6

hereto as Exhibit B or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action.

R. "Mailed Notice" means the form of notice of this Settlement to be mailed to all potential Class Members who can be identified with reasonable effort as set forth herein, substantially in the form attached as Exhibit A-1 hereto.

S. "NantKwest Defendants" means NantKwest, Patrick Soon-Shiong, Richard Gomberg, Barry J. Simon, Steve Gorlin, Michael D. Blaszyk, Henry Ji, Richard Kusserow, John T. Potts, Jr., Robert Rosen, and John C. Thomas Jr.

T. "NantKwest Defendants' Counsel" means the law firm of Wilson Sonsini Goodrich & Rosati P.C.

U. "Net Settlement Fund" means the Gross Settlement Fund, less: (i) any Fee Award; (ii) taxes and tax expenses associated with the Settlement Fund; (iii) Notice and Administration Expenses; and (iv) any Compensatory Award.

V. "Notice and Administration Expenses" means all expenses incurred (whether or not paid) in connection with the Settlement administration, and shall include, among other things, the cost of publishing Summary Notice (as defined in Section V.A below) on a national business internet wire service; printing and mailing the Mailed Notice (as defined in Section V.A, below), as directed by the Court; and the cost of processing proofs of claim and distributing the Net Settlement Fund to Class Members who timely submit a valid Proof of Claim and Release.

W. "Order for Notice and Hearing" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Class substantially in the form attached hereto as Exhibit A, or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action.

STIPULATION OF SETTLEMENT                     Case No. 2:16-cv-01947-MWF-JEM

X.   "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

Y.   "Plaintiffs" means all Class Members, including Class Plaintiffs.

Z.   "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants.  The Plan of Allocation is not part of this Stipulation and Defendants shall have no responsibility or liability with respect thereto.

AA.   "Proof of Claim and Release" means the proof of claim and release form to be submitted by Authorized Claimants, substantially in the form attached as Exhibit 2 to Exhibit A (Exhibit A-2).

BB.   "Released Parties" means Defendants, their present and former parents, subsidiaries, divisions, departments, affiliates, stockholders, officers, directors, employees, agents, and any of their advisors, counsel, underwriters, insurers, co-insurers, reinsurers, accountants, auditors, representatives, controlling persons, administrators, estates, spouses, heirs, joint ventures, general or limited partners or partnerships, limited liability companies and any trust of which any individual defendant is the settlor or which is for the benefit of an individual defendant and/or any member of an individual defendant's immediate family, and any entity in which a Defendant has a controlling interest (directly or indirectly) (and the predecessors, successors, administrators and assigns of each of the foregoing).

CC.   "Released Claims" means all claims, rights, demands, obligations, damages, actions or causes of action, or liabilities whatsoever, of every nature and description, whether known or unknown (including Unknown Claims as defined

STIPULATION OF SETTLEMENT                    Case No. 2:16-cv-01947-MWF-JEM

8

herein), whether arising under federal, state, common or foreign law or regulation, that arise out of or relate in any way to the purchase, other acquisition, sale, or other disposition of NantKwest securities in or traceable to NantKwest's initial public offering, and/or the acts, facts, statements, or omissions that were or could have been alleged or asserted by Plaintiffs or any member of the Class in the Action or in any other action in any court or forum.

DD. "Settlement" means the settlement contemplated by this Stipulation.

EE. "Settlement Administrator" means JND Legal Administration, which shall administer the Settlement.

FF. "Settlement Amount" means twelve million U.S. Dollars in cash ($12,000,000).

GG. "Settlement Fund" means the payments to be made in accordance with Section II of this Stipulation.

HH. "Summary Notice" means the notice of this Settlement to be published as set forth herein, substantially in the form attached as Exhibit A-3 hereto.

II. "Supplemental Agreement" means the agreement executed by Class Counsel and Defendants' Counsel simultaneously herewith and described in Section X.H of this Stipulation.

JJ. "Underwriter Defendants" means Merrill Lynch, Pierce, Fenner & Smith Incorporated, Citigroup Global Markets Inc., Jefferies LLC, Piper Jaffray & Co., and MLV & Co., LLC.

KK. "Underwriter Defendants' Counsel" means the law firm of Munger, Tolles & Olson LLP.

LL. "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description which Class Plaintiffs or any Class Member does not know or suspect to exist, or does not have

STIPULATION OF SETTLEMENT                    Case No. 2:16-cv-01947-MWF-JEM

9

reason to know or suspect to exist, in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Class Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542 and any similar rule or provision of law or equity of any other jurisdiction. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Class Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it knows or believes to be true with respect to the matter of the Released Claims, but Class Plaintiffs and all Class Members nevertheless shall have expressly fully, finally, and forever settled and release any and all Released Claims, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Parties further stipulate and agree that Class Plaintiffs have had an opportunity to consult with counsel of their choosing about this waiver and the implications thereof, and that each of the Class Members by operation of the Judgment shall be deemed to have had such opportunity. Class Plaintiffs acknowledge, and the Class

STIPULATION OF SETTLEMENT                    Case No. 2:16-cv-01947-MWF-JEM

Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key and material element of the Settlement of which this release is a part.

## II.    SETTLEMENT CONSIDERATION

A.    Within twenty (20) business days after the Court enters preliminary approval of the settlement agreement, NantKwest shall transfer or cause its insurers to transfer the Settlement Amount to the Escrow Account maintained by the Escrow Agent on behalf of Class Plaintiffs and the Class, provided that, at least ten (10) business days before the Court enters preliminary approval, Defendants and their insurers have received written payment instructions to issue and deliver the Settlement Amount by check or ACH transfer to the Escrow Account (including telephone and e-mail contact information and a physical address for the designated recipient of the Settlement Amount) and an Internal Revenue Service Form W-9 for the Escrow Account.

B.    Defendants and their insurers will not be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Class Member, as payment of attorneys' fees and expenses awarded by the Court, or in payment of any fees or expenses incurred by any Class Member or Class Counsel.

## III.    THE ESCROW ACCOUNT

A.    The Escrow Account, including any interest earned thereon net of any taxes on the income thereof, shall be used to pay: (i) attorneys' fees and expenses; (ii) taxes and tax expenses; (iii) Notice and Administration Expenses, and (iv) reimbursement awards to Class Plaintiffs.  The balance of the Escrow Account shall be the Net Settlement Fund and shall be distributed to the Authorized Claimants as set forth in the Plan of Allocation.  Class Plaintiffs and Class

STIPULATION OF SETTLEMENT                     Case No. 2:16-cv-01947-MWF-JEM

Members shall look solely to the Net Settlement Fund for payment and satisfaction of any and all Released Claims.

B.      All funds and instruments held by the Escrow Agent shall be deemed in custodia legis of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to an order of the Court.

C.      Escrow Agent shall invest the Settlement Cash exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

D.      Prior to the Effective Date, the Escrow Agent shall not disburse the Gross Settlement Fund except as provided in this Stipulation, by order of the Court, or with the prior written agreement of NantKwest Defendants' Counsel and Class Counsel.

E.      After the Effective Date, NantKwest Defendants shall have no interest in the Gross Settlement Fund or in the Net Settlement Fund.

F.      The Escrow Agent shall be authorized to execute only such transactions as are consistent with the terms of this Stipulation and the order(s) of the Court.

G.      Neither Defendants, Defendants' Counsel, Defendants' insurers, nor any of the other Released Parties shall have any liability for any losses arising from the investment or disbursement of any portion of the Settlement Fund, the Gross Settlement Fund, or the Net Settlement Fund, whether or not such

STIPULATION OF SETTLEMENT                          Case No. 2:16-cv-01947-MWF-JEM

1  investment or disbursement is in accordance with this Stipulation, the Settlement

2  embodied herein, the Plan of Allocation, or the orders of the Court.

3  **IV.    NOTICE AND ADMINISTRATION EXPENSES**

4      All Notice and Administration costs shall be paid from funds in the Gross

5  Settlement Fund.  The Settlement Administrator shall invoice only such Notice

6  and Administration Expenses as are necessary and reasonable to provide Notice to

7  the Class and to administer the Settlement.  Upon instruction from Class Counsel,

8  the Escrow Agent is authorized to pay up to two hundred and fifty thousand U.S.

9  Dollars ($250,000) in invoices for Notice and Administration Expenses without

10  further approval.  No further amounts may be transferred prior to final approval

11  except by Court order.   Class Plaintiffs, Class Counsel, Defendants, and

12  Defendants' Counsel shall not bear any liability for Notice and Administration

13  Expenses.

14  **V.    ORDER FOR NOTICE AND HEARING**

15      A.    The Parties shall submit this Stipulation together with its exhibits to

16  the Court, and Class Plaintiffs shall apply for entry of an Order for Notice and

17  Hearing substantially in the form and content of Exhibit A attached hereto,

18  requesting, inter alia, the preliminary approval of the Settlement as set forth in the

19  Stipulation, and final approval of the form of the Mailed Notice to be mailed to all

20  potential Class Members who can be identified with reasonable effort, and final

21  approval of the form of the Summary Notice to be published.  The Mailed Notice

22  shall include a Proof of Claim and Release form and the general terms of the

23  Settlement set forth in the Stipulation, and shall set forth the procedure by which

24  Persons who otherwise would be Class Members may request to be excluded from

25  the Class.

26      B.    The Parties shall request that, after the Mailed Notice and Summary

27  Notice have been mailed and published, respectively, in accordance with this

28  STIPULATION OF SETTLEMENT              Case No. 2:16-cv-01947-MWF-JEM

Stipulation, the Court hold the Final Approval Settlement Hearing and finally approve the settlement of the Action with respect to the Parties.

## VI.   FINAL JUDGMENT APPROVING THE SETTLEMENT

At the Final Approval Hearing, the Parties shall jointly request entry of the Judgment as defined herein, and substantially in the form attached hereto as Exhibit B or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action.

## VII.   ATTORNEYS' FEES AND EXPENSES

A.   Class Counsel may submit a Fee and Expense Application to the Court.  Class Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary, provided that any such fees and expenses shall be paid exclusively from the Gross Settlement Fund.

B.   Any Fee Award shall be paid, including any interest thereon, from the Gross Settlement Fund immediately after the Court enters an order awarding such fees and expenses.  This payment shall be subject to Class Counsel's obligation to make appropriate refund or repayment within thirty (30) days of the date that any condition to establishing the Effective Date has not occurred and shall not occur, or if the Court or any appellate court enters an order reversing or reducing any award of attorneys' fees or litigation expenses.

C.   The procedure for and allowance or disallowance by the Court of any application for attorneys' fees and expenses are not part of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.  Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Judgment approving this

STIPULATION OF SETTLEMENT                         Case No. 2:16-cv-01947-MWF-JEM

1    Stipulation and the Settlement of the Action.

2        D.      Except as provided in Section II, the Released Parties shall have no
3    responsibility for, and no liability whatsoever with respect to, any payment to
4    Class Counsel or any other Plaintiffs' counsel, any Authorized Claimant, and/or
5    any other Person who receives payment from the Settlement Fund.

6        E.      The Released Parties shall have no responsibility for, and no liability
7    whatsoever with respect to, the allocation among Class Counsel and/or any other
8    Person who may assert some claim thereto, of any Fee Award that the Court may
9    make in the Action.

10       F.      Class Counsel may submit a Compensatory Award Application to the
11   Court.  Any Compensatory Award to Class Plaintiffs shall be payable five (5) days
12   after the Effective Date, in cash, and from the Gross Settlement Fund only.

13       G.      The procedure for, and allowance or disallowance by the Court of, the
14   Compensatory Award Application are not a condition of the Settlement set forth in
15   this Stipulation and are to be considered by the Court separately from the Court's
16   consideration of the fairness, reasonableness, and adequacy of the Settlement set
17   forth in this Stipulation. Any order of or proceeding relating to the Compensatory
18   Award Application, or any objection to, motion regarding, or appeal from any
19   order or proceeding relating thereto or reversal or modification thereof, shall not
20   operate to modify, terminate, or cancel this Stipulation, or affect or delay the
21   finality of the Final Judgment or the releases contained therein or any other orders
22   entered pursuant to this Stipulation.

23   **VIII. ADMINISTRATION AND CALCULATION OF CLAIMS,**
     **FINAL AWARDS, AND DISTRIBUTION OF THE NET**
24   **SETTLEMENT FUND**

25       A.      Each Class Member wishing to participate in the Settlement shall be
26   required to submit a Proof of Claim and Release in the form annexed hereto as

27

28   STIPULATION OF SETTLEMENT              Case No. 2:16-cv-01947-MWF-JEM

Exhibit A-2, signed under penalty of perjury by the beneficial owner(s) of the stock or by someone with documented authority to sign for the beneficial owner(s), and supported by such documentation as specified in the instructions accompanying the Proof of Claim and Release.

B.    All Proofs of Claim and Releases must be received within the time prescribed in the Order for Notice and Hearing unless otherwise ordered by the Court.   Any Class Member who fails to submit a properly completed Proof of Claim and Release within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to this Stipulation or from the Net Settlement Fund, but will in all other respects be subject to the provisions of this Stipulation and the Final Judgment, including, without limitation, the release of the Released Claims and dismissal of the Action with prejudice.

C.    The Settlement Administrator shall administer the Settlement subject to such approvals by the Court as circumstances may require.

D.    Each Proof of Claim and Release shall be submitted to the Settlement Administrator who shall determine, in accordance with this Stipulation and the Plan of Allocation to be formulated by Class Counsel, for approval by the Court, the extent, if any, to which each claim shall be allowed, subject to appeal to the Court.

E.    The Settlement Administrator shall administer and calculate the claims submitted by the Class Members, determine the extent to which claims shall be allowed, and oversee distribution of the Net Settlement Fund subject to appeal to, and jurisdiction of, the Court.   Neither Class Counsel, its designees or agents, Class Plaintiffs, Defendants' counsel, nor the Defendants shall have any liability arising out of such determination.

STIPULATION OF SETTLEMENT                          Case No. 2:16-cv-01947-MWF-JEM

16

F.    The administrative determination of the Settlement Administrator accepting and rejecting claims shall be presented to the Court, on notice to the Defendants' counsel, for approval by the Court.

G.    Following the Effective Date and upon approval of application to the Court by Class Counsel, the Net Settlement Fund shall be distributed to Authorized Claimants by the Settlement Administrator.

H.    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the terms of this Stipulation and a Plan of Allocation to be approved by the Court, subject to and in accordance with the following:

1.    Any such Plan of Allocation is not a part of this Stipulation and it is not a condition of this Settlement that any particular Plan of Allocation be approved.

2.    No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until after the Effective Date.

3.    Each Class Member who claims to be an Authorized Claimant shall be required to submit to the Settlement Administrator a completed Proof of Claim and Release signed under penalty of perjury and supported by such documents as specified in the Proof of Claim and Release and as are reasonably available to such Class Member.

4.    Except as otherwise ordered by the Court, all Class Members who fail timely to submit a Proof of Claim and Release within such period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but shall in all other respects be subject to and bound by the provisions of this Stipulation and the Final Judgment,

STIPULATION OF SETTLEMENT                    Case No. 2:16-cv-01947-MWF-JEM

including, without limitation, the releases of the Released Claims and dismissal of the Action with prejudice.

5.   All Persons who fall within the definition of the Class and who do not timely and validly request to be excluded from the Class in accordance with the instructions set forth in the Mailed Notice (as defined in Section V.A, above) shall be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Final Judgment with respect to all Released Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Gross Settlement Fund or the Net Settlement Fund.

I.   Neither the Defendants nor their counsel shall have any responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Gross Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the distribution of the Net Settlement Fund, or any losses incurred in connection with any such matters.

J.   This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to Defendants or any of their insurers. Defendants, their counsel, their insurers and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of taxes or tax expenses, or any losses incurred in connection therewith.  No Person shall have any claims against Class Counsel, the Settlement Administrator, or any other agent designated by Class Counsel based on distribution determinations or claim rejections made substantially in

STIPULATION OF SETTLEMENT                    Case No. 2:16-cv-01947-MWF-JEM

18

accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court. Class Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim and Releases filed, where doing so is in the interest of achieving substantial justice.

K.   The Defendants shall have no involvement in the solicitation or review of Proofs of Claim and Releases, or involvement in the administration process, which will be conducted by the Settlement Administrator in accordance with this Stipulation.

L.   It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to a Class Member's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court in connection with the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

M.   No Person shall have any claim against Class Plaintiffs, Class Counsel, the Defendants, Defendants' Counsel, Defendants' insurers, or any of the other Released Parties based on investments or distributions of or from the Settlement Fund, the Gross Settlement Fund, or the Net Settlement Fund, whether or not such investments or distributions are made in accordance with this Stipulation, the Settlement embodied herein, the Plan of Allocation, or orders of the Court. No Person shall have any claim against the Settlement Administrator

STIPULATION OF SETTLEMENT                    Case No. 2:16-cv-01947-MWF-JEM

based on investments or distributions made in accordance with this Stipulation, the Settlement embodied herein, the Plan of Allocation, or orders of the Court.

## IX.   TAX TREATMENT

A.   Class Plaintiffs, NantKwest, their respective counsel, the Court, and the Escrow Agent shall treat the Escrow Account as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1 for all periods on and after the date of the Court order preliminarily approving this Stipulation. Class Plaintiffs, NantKwest, their respective counsel, the Court and the Escrow Agent agree to take no action inconsistent with the treatment of the Escrow Account in such manner.   In addition, the Settlement Administrator, Escrow Agent, and as necessary, NantKwest, shall make the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)) back to the earliest permitted date.   Such elections shall be made in compliance with the procedures and requirements contained in such regulations.   It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties and thereafter to cause the appropriate filing to occur.   All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Escrow Account being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.

B.   For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Settlement Administrator.   The Settlement Administrator shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2 by, e.g., (a) obtaining a taxpayer identification number, (b) timely and properly satisfying any information reporting or withholding requirements imposed on distributions from the Escrow Account, and (c) timely and properly filing or causing to be filed on a timely basis, all federal, state, local and foreign tax returns and other tax

STIPULATION OF SETTLEMENT                    Case No. 2:16-cv-01947-MWF-JEM

related statements necessary or advisable with respect to the Escrow Account (including, without limitation, all income tax returns, all informational returns, and all returns described in Treas. Reg. § 1.468B-2(1), and timely and properly paying any taxes imposed on the Escrow Account. Such returns and statements (as well as the election described in IX.A hereof) shall be consistent with this IX.B and in all events shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Escrow Account shall be paid out of the Escrow Account as provided in IX.C hereof.

C.    All (a) taxes arising with respect to the income earned by the Escrow Account and (b) tax expenses shall be paid out of the Escrow Account. Further, taxes and the tax expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Escrow Account without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be deducted or withheld under Treas. Reg. § 1.468B-2(l)(2)). Class Plaintiffs and NantKwest agree to cooperate with the Escrow Agent, each other, and their respective tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of paragraphs A-C of this Section.

D.    The Released Parties shall have no responsibility to make any filings relating to the Escrow Account and will have no responsibility to pay tax on any income earned by the Escrow Account. If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, any expenses already incurred and properly chargeable pursuant to Section III.A hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance

being refunded in accordance with Sections VII.B and X.D hereof. The Escrow Agent, Settlement Administrator, or their designees shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application for refund, pursuant to written direction from NantKwest Defendants' counsel.

## X. SETTLEMENT CONDITIONS AND TERMINATION

A. This Stipulation shall be subject to the following conditions and, except as provided herein, shall be canceled and terminated unless:

1. Counsel for all Persons listed on the signature pages of this Stipulation have executed this Stipulation;

2. The Court enters the Order for Notice and Hearing, as provided in Section V;

3. NantKwest or its insurers shall have timely delivered the Settlement Amount to the Escrow Fund;

4. The Court has approved the Settlement as described herein following notice to the Settlement Class, and has entered the Judgment, substantially as provided in Section VI;

5. The time within which NantKwest may exercise its option to terminate this Stipulation in accordance with the terms of the Supplemental Agreement shall have expired without the exercise of that option; and

6. The Judgment has become Final.

B. Upon the Effective Date, Class Plaintiffs and Class Members who do not timely and validly request exclusion from the Class, on behalf of themselves, and to the fullest extent permitted by law, their heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors, assigns, parents, subsidiaries, affiliates, members, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to

STIPULATION OF SETTLEMENT                                Case No. 2:16-cv-01947-MWF-JEM

have, and by operation of the Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged the Released Parties from the Released Claims and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any of the Released Claims against any of the Released Parties directly, indirectly, or otherwise, whether or not such Class Plaintiffs or Class Members execute and deliver a Proof of Claim and Release to the Settlement Administrator.  Upon the Effective Date, Defendants also hereby release and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any claim against Class Plaintiffs, Class Members or Class Counsel related to this Action or the prosecution thereof.   Nothing contained herein shall, however, bar any action or claim to enforce the terms of this Settlement or the Judgment.

C.     If all of the conditions specified in paragraph A of this Section are not met, then this Stipulation shall be canceled and terminated, unless Class Plaintiffs and NantKwest mutually agree in writing to proceed with the Settlement.

D.     If either (a) the Effective Date does not occur, (b) this Stipulation is canceled or terminated pursuant to its terms, or (c) this Stipulation does not become final for any reason, then the Gross Settlement Fund and all interest earned on the Gross Settlement Fund while held in escrow (less Notice and Administration Expenses paid or incurred), shall be refunded by the Settlement Administrator and/or the Escrow Agent as directed by NantKwest Defendants' Counsel within thirty (30) days of such cancellation or termination.

E.     Upon the occurrence of all of the events specified in paragraph A of this Section, the obligation of the Settlement Administrator and/or the Escrow Agent to return funds from the Gross Settlement Fund to NantKwest pursuant to paragraph D of this Section, shall be absolutely and forever extinguished.

F.    If either (a) the Effective Date does not occur, (b) this Stipulation is canceled or terminated pursuant to its terms, or (c) this Stipulation does not become final for any reason, all of the Parties to this Stipulation shall be deemed to have reverted to their respective statuses as of September 25, 2018, counsel shall meet and confer on an appropriate schedule to propose to the Court, and they shall proceed in all respects as if this Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Action.  Notwithstanding the foregoing language, the following provisions of this Stipulation shall survive any termination or cancellation of the Settlement: this Section X.F; Section X.C; Section X.D; Section XI; and, to the extent applicable, Section XII.

G.    No order of the Court concerning the Plan of Allocation or the Fee and Expense Application or modification or reversal on appeal of any such order shall constitute grounds for cancellation or termination of the Stipulation.

H.    Notwithstanding any other provision, section, or paragraph in this Stipulation, NantKwest may, in accordance with the terms set forth in the Parties' Supplemental Agreement, and in its sole discretion, elect in writing to terminate the Settlement and this Stipulation if the opt-out threshold defined in the Supplemental Agreement is exceeded and not cured in accordance with the terms of the Supplemental Agreement.  Unless otherwise directed by the Court, the Supplemental Agreement will not be filed with the Court.

## XI.   NO ADMISSIONS

A.    The Parties hereto intend the Settlement as described herein to be a final and complete resolution of all disputes between them with respect to the Action and entry in this Settlement shall not be deemed an admission by any Plaintiff or Defendant as to the merits of any claim or defense or any allegation made in the Action.

STIPULATION OF SETTLEMENT                          Case No. 2:16-cv-01947-MWF-JEM

B.     Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or infirmity of any Released Claim, of any allegation made in the Action, or of any wrongdoing or liability of any of the Released Parties; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed to be or may be used as an admission or evidence that Class Plaintiffs and the Class Members would have received less than the Settlement Amount had the Action been prosecuted to conclusion. Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that any of the Released Parties may file this Stipulation and/or the Judgment in any action that may be brought against any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

## XII.  MISCELLANEOUS PROVISIONS

A.     The Parties hereto: (a) acknowledge that it is their intent to consummate the Settlement contemplated by this Stipulation; (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation; and (c) agree to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

B.     All counsel who execute this Stipulation represent and warrant that they have authority to do so on behalf of their respective clients.

C.     All of the exhibits attached hereto are material and integral parts hereof and are hereby incorporated by reference as though fully set forth herein.

D.     This Stipulation may be amended or modified only by a written instrument signed by counsel for all Parties hereto or their successors in interest.

E.     This Stipulation, exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement between Plaintiffs on the one hand, and Defendants on the other hand, and supersede any and all prior agreements, written or oral, between the Parties.  No representations, warranties or inducements have been made concerning this Stipulation or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

F.     This Stipulation may be executed in one or more original, photocopied, scanned, or facsimile counterparts.  All executed counterparts together shall be deemed to be one and the same instrument.  Counsel for the Parties hereto shall exchange among themselves signed counterparts and a complete set of executed counterparts shall be filed with the Court.

G.     This Stipulation shall be binding upon, and inure to the benefit of the successors, assigns, executors, administrators, affiliates (including parent companies), heirs and legal representatives of the Parties hereto.  No assignment shall relieve any Party hereto of obligations hereunder.

H.     The Stipulation and the exhibits hereto shall be considered to have been negotiated, executed, delivered and to be wholly performed in the State of California, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with and governed by, the internal,

STIPULATION OF SETTLEMENT                           Case No. 2:16-cv-01947-MWF-JEM

substantive laws of the State of California without regard to its conflicts of law rules.

I.     The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Parties with respect to the Released Claims, and any potential counterclaims Defendants and Released Parties could have asserted against Class Plaintiffs, Class Members and their attorneys with respect to the allegations and prosecution of this Action.   Accordingly, Plaintiffs and Defendants agree not to assert in any forum that the litigation was brought by Class Plaintiffs or Class Counsel, or defended by Defendants, or their counsel, in bad faith or without a reasonable basis.   The Parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action.   The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel, and with the assistance of an experienced mediator, Robert Meyer, Esq.

J.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, or by virtue of the fact that one Party or its counsel may have caused an ambiguity, it being recognized that this Stipulation is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to its preparation.

K.     NantKwest shall obtain and deliver to the Settlement Administrator, no later than five (5) business days after preliminary approval a list of the Company's registered stockholders from the date of the Company's IPO and for the 180-day period thereafter, as set forth in the records of its transfer agent.

STIPULATION OF SETTLEMENT                              Case No. 2:16-cv-01947-MWF-JEM

27

PRIVILEGED AND CONFIDENTIAL
FOR SETTLEMENT DISCUSSION PURPOSES ONLY

L.     Except as otherwise provided herein, each Party shall bear its own fees and costs.

M.     The headings herein are used for the purpose of convenience and are not intended to have legal effect.

N.     Notices required or permitted by this Stipulation shall be submitted either by overnight mail or in person as follows:

**Notice to Plaintiffs:**

Joshua B. Silverman
POMERANTZ LLP
10 South LaSalle Street
Suite 3505
Chicago, IL 60603

**Notice to Defendants:**

Boris Feldman
WILSON SONSINI GOODRICH
& ROSATI P.C.
650 Page Mill Road
Palo Alto, CA  94304

James C. Rutten
MUNGER TOLLES & OLSON
LLP
350 South Grand Avenue
50th Floor
Los Angeles, CA  90071-3426

**IN WITNESS WHEREOF**, the Parties hereto, intending to be legally bound.

Dated: October 31, 2018          POMERANTZ LLP

By: _____
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone:  (818) 532-6449
E-mail:  jpafiti@pomlaw.com

Patrick V. Dahlstrom
Joshua B. Silverman
Omar Jafri
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
E-mail:  pdahlstrom@pomlaw.com
        jbsilverman@pomlaw.com
        ojafri@pomlaw.com

BRAGAR EAGEL & SQUIRE P.C.

STIPULATION OF SETTLEMENT                    Case No. 2:16-cv-01947-MWF-JEM

Jeffrey H. Squire
David J. Stone (SBN 208961)
Todd H. Henderson
Melissa A. Fortunato
885 Third Avenue, Suite 3040
New York, New York 10022
Telephone: (212) 308-5858
Email: squire@bespc.com
stone@bespc.com
henderson@bespc.com
fortunato@bespc.com

*Co-Lead Counsel for Lead Plaintiffs and the proposed plaintiff classes*

GLANCY PRONGAY & MURRAY LLP
Robert V. Prongay
Kara M. Wolke
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
kwolke@glancylaw.com

*Liaison Counsel for Lead Plaintiffs and proposed plaintiff classes*

WILSON SONSINI GOODRICH & ROSATI P.C.

By: *Boris Feldman*
Boris Feldman
Gideon Schor
Michael Petrocelli
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
boris.feldman@wsgr.com
gchor@wsgr.com
mpetrocelli@wsgr.com

*Counsel for Defendants NantKwest, Inc., Patrick Soon-Shiong, Richard Gomberg, Barry J. Simon, Steve Gorlin, Michael D. Blaszyk, Henry Ji, Richard Kusserow, John T. Potts, Jr., Robert Rosen, and John C. Thomas Jr.*

MUNGER TOLLES & OLSON LLP

STIPULATION OF SETTLEMENT                    Case No. 2:16-cv-01947-MWF-JEM

By: _James C. Rutten_
James C. Rutten
350 South Grand Avenue
50th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100
james.rutten@mto.com

*Counsel for Defendants Merrill Lynch, Pierce,
Fenner & Smith Incorporated, Citigroup Global
Markets Inc., Jefferies LLC, Piper Jaffray & Co.,
And MLV & Co., LLC*

# EXHIBIT A

1  Robert V. Prongay (SBN 270796)
2  Kara M. Wolke (SBN 241521)
   **GLANCY PRONGAY & MURRAY LLP**
3  1925 Century Park East, Suite 2100
   Los Angeles, California 90067
4  Telephone: (310) 201-9150
   E-mail: kwolke@glancylaw.com
5
6  *Liaison Counsel for Class Plaintiffs*

7  UNITED STATES DISTRICT COURT
   CENTRAL DISTRICT OF CALIFORNIA
8

| | |
|---|---|
| 9    SUNIL SUDUNAGUNTA | Case No. 16-cv-01947-MWF-JEM |
| 10        v. | Consolidated with 2:16-cv-3438-MWF-JEM |
| 11   NANTKWEST, INC., PATRICK | |
| 12   SOON-SHIONG, RICHARD | CLASS ACTION |
| 13   GOMBERG, BARRY J. SIMON, STEVE GORLIN, MICHAEL D. | **[PROPOSED] ORDER** |
| 14   BLASZYK, HENRY JI, RICHARD | **PRELIMINARILY APPROVING** |
| 15   KUSSEROW, JOHN T. POTTS, JR., ROBERT ROSEN, JOHN C. | **SETTLEMENT AND PROVIDING** **FOR NOTICE** |
| 16   THOMAS JR., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., | Hon. Michael W. Fitzgerald |
| 17   CITIGROUP GLOBAL MARKETS INC., JEFFERIES LLC, PIPER | |
| 18   JAFFRAY & CO., and MLV & CO., LLC., | |

19
20
21
22
23
24
25
26
27
28

1   The Court having reviewed and considered Class Plaintiffs Donald Hu and
2   Brayton Li's Unopposed Motion for Preliminary Approval of Class Action Settlement
3   and Notice to the Settlement Class (the "Motion"), as well as all papers submitted in
4   support thereof, and having reviewed and considered the terms and conditions of the
5   proposed Settlement as set forth in the Stipulation of Settlement (the "Stipulation"), a
6   copy of which has been submitted with the Motion and the terms of which are
7   incorporated herein, and all other prior proceedings in this Action, good cause for this
8   Order having been shown:

9   **IT IS HEREBY ORDERED**:

10  1.      The terms of the Stipulation are hereby preliminarily approved, subject to
11  further consideration at the Final Approval Hearing provided for below.

12  2.      Capitalized terms used in this Order that are not otherwise defined herein
13  have the meanings assigned to them in the Stipulation.  The Court concludes that the
14  Settlement is sufficiently within the range of reasonableness to warrant the dissemination
15  of Mailed Notice to Class Members, as provided for in this Order.

16  3.      The Court hereby stays the litigation pending in this Court and enjoins the
17  initiation of any new litigation by any Class Member in any court, arbitration or other
18  tribunal that includes any Released Claims (as defined in the Stipulation) against any of
19  the Released Parties.

20  **Form and Timing of Notice**

21  4.      The Court approves the form, substance and requirements of (a) the Mailed
22  Notice; (b) the Proof of Claim and Release; and (c) the Summary Notice, substantially in
23  the forms attached to the Stipulation as Exhibits A-1, A-2 and A-3, respectively. The
24  Court finds that the mailing and distribution of the Mailed Notice and the publication of
25  the Summary Notice in the manner and form set forth in this Order: (i) are the best notice
26  practicable under the circumstances; (ii) constitute notice that is reasonably calculated,
27  under the circumstances, to apprise Class Members of the pendency of the Action, the

28

- 1 -

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

1  effect of the proposed Settlement (including the releases to be provided thereunder), of

2  their right to object to the Settlement, of their right to exclude themselves from the Class

3  and of their right to appear at the Final Approval Hearing; (iv) satisfy the requirements of

4  Rule 23 of the Federal Rules of Civil Procedure, the Private Litigation Securities Reform

5  Act of 1995, and all other applicable laws and rules.  The date and time of the Final

6  Approval Hearing shall be included in the Mailed Notice and Summary Notice before

7  they are mailed and published, respectively.

8      5.    Class Counsel is hereby authorized to retain the firm of JND Legal

9  Administration as Settlement Administrator to supervise and administer the notice and

10  claims procedures.

11      6.    The Court approves the use and disbursement of up to $250,000 from the

12  Settlement Fund to pay the reasonable fees and expenses incurred by, and the reasonable

13  fees charged by, the Settlement Administrator in connection with the administration and

14  notice of the Settlement, including the costs of providing notice as specified in this

15  Order.  The Court authorizes payment out of the Settlement Fund of all taxes and tax

16  expenses described in paragraph IX.C of the Stipulation.

17      7.    As soon as practicable after entry of this Order of Preliminary Approval, but

18  in no event later than twenty (20) days after such entry, the designated Settlement

19  Administrator shall cause a copy of the Mailed Notice and Proof of Claim substantially

20  in the forms of Exhibits A-1 and A-2 to the Stipulation, to be mailed by first-class United

21  States mail, postage pre-paid, to each Class Member who has been or that may be

22  identified by reasonable efforts, including by using the nominee procedures set forth

23  herein.

24      8.    The Settlement Administrator shall use reasonable efforts to give notice to

25  nominee purchasers such as brokerage firms and other persons or entities that purchased

26  NantKwest common stock during the Class Period as record owners but not beneficial

27  owners.  Within five (5) business days of this Order, NantKwest, at its expense, shall

28

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

make, or cause to be made, available to the Settlement Administrator a list of the names and last known addresses of the Company's registered stockholders from the date of the Company's IPO, and for the 180-day period thereafter, as set forth in the records of its transfer agent. The Settlement Administrator shall make all reasonable efforts to give notice to nominees or custodians who purchased NantKwest common stock between the July 28, 2015 IPO and January 25, 2016 as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the Mailed Notice and Proof of Claim and Release form, either (i) request additional copies of the Mailed Notice and Proof of Claim and Release form sufficient to send the Mailed Notice and Proof of Claim and Release form to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; or (ii) provide the Settlement Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Settlement Administrator shall promptly deliver the Mailed Notice and Proof of Claim and Release form to such beneficial owners. Nominees or custodians who elect to send the Mailed Notice and Proof of Claim and Release form to their beneficial owners shall send a written certification to the Settlement Administrator confirming that the mailing has been made as directed. Additional copies of the Mailed Notice and Proof of Claim shall be made available to any nominee or custodian requesting the same for the purpose of distribution to beneficial owners. The Settlement Administrator shall, if requested, reimburse nominees or custodians solely for their reasonable out-of-pocket expenses, up to $0.70 per notice mailed or $.10 per name and address provided to the Settlement Administrator, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

9.     At approximately ten (10) days and again at approximately twenty (20) days after Mailed Notice is sent, Class Counsel shall also cause a Summary Notice of Pendency and Proposed Settlement of Class Action, substantially in the form of Exhibit A-3 to the Stipulation, to be published on a national business newswire.  Class Counsel shall file with the Court no later than seven (7) days prior to the Final Approval Hearing an affidavit or declaration confirming that Mailed Notice has been provided as set forth in this Order and that the Summary Notice has been published as set forth in this Order.

10.     Defendants shall file the notices described by the Class Action Fairness Act, 28 U.S.C. § 1715, within the time periods set forth in that statute.

11.     Any Class Member who wishes to participate in the Settlement Fund must complete and submit a valid Proof of Claim to the address indicated in the Mailed Notice, postmarked on or before the date specified in the Mailed Notice.  To be valid, a Proof of Claim must: (a) be complete in a manner that permits the Settlement Administrator to determine the eligibility of the claim and comply with the instructions of the Proof of Claim and Mailed Notice; (b) include the release by the claimant of all Released Parties as set forth in the Stipulation; (c) be signed with an affirmation (notarization not required) that the information is true and correct; and (d) be sent to the Settlement Administrator postmarked on or before the date specific on the Proof of Claim.  All Class Members that do not submit valid and timely Proofs of Claim or that do not submit valid and timely Requests for Exclusion as provided in paragraph 12 of this Order will be forever barred from receiving payment from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation, the Settlement, and all proceedings, determinations, orders and judgments in the Action relating to the Settlement, including the releases and Judgment provided for therein.

**Request For Exclusion**

12.     Any Class Member may request exclusion ("Request for Exclusion") from the Class and this Action in the manner and with the consequences described herein,

- 4 -

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

provided that all such Requests for Exclusion must be postmarked or received by the Settlement Administrator no later than fourteen (14) days prior to the Final Approval Hearing (the "Opt-Out/Objection Deadline").  Such request for exclusion shall be in a form that sufficiently identifies (1) the name, address, and phone number of the person(s) or entity seeking exclusion, and (2) a list of all transaction(s) involving NantKwest common stock between July 28, 2015 and the present, and shall include the number of shares, principal amount and trade date of each purchase and sale.  The request for exclusion must also be signed to verify the accuracy of the information submitted.

13.    Class Counsel, in conjunction with the Settlement Administrator, shall file with the Court no later than seven (7) days prior to the Final Approval Hearing a list of all elections to opt out received by the Settlement Administrator by the Opt-Out/Objection Deadline.

14.    Any Class Member that does not file a timely and complete Request for Exclusion from the Settlement by the Opt-Out/Objection Deadline will be bound by the Stipulation.

15.    Any Class Member that files a timely and complete Request for Exclusion from this Settlement by the Opt-Out/Objection Deadline may proceed with his/her own action.

**Final Approval Hearing; Right to Appear and Object**

16.    A Final Approval Hearing  shall take place before the undersigned, United States District Judge Michael W. Fitzgerald, in Courtroom 5A of the United States District Court for the Central District of California, First Street Courthouse, 350 West First Street, Los Angeles, California 90012, on _____, 201__, at ____:__.m., [approximately 105 days after preliminary approval] to determine:

    a.  Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

b.      Whether the proposed Plan of Allocation is fair, just, reasonable, and adequate;

c.      Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action;

d.      Whether the Action should be dismissed on the merits and with prejudice against the Defendants as set forth in the Stipulation;

e.      Whether the Fee and Expense Application to be submitted by Class Counsel should be approved;

f.      Whether the application for a reimbursement award to be submitted by Class Plaintiffs should be approved; and

g.      Such other matters as the Court may deem necessary or appropriate.

17.     The Court may finally approve the Stipulation at or after the Final Approval Hearing with any modifications agreed to by the Parties and without further notice to the Class Members.   The Court may approve the Settlement and enter the Judgment regardless of whether it has approved the Fee and Expense Application, any request for a reimbursement award, and/or the Plan of Allocation.

18.     The Court reserves the right to adjourn the Final Approval Hearing, including the consideration of all matters referenced in paragraph 16 above, without further notice to Class Members except public notice via the court docket on Public Access to Court Electronic Records (PACER).

19.     Class Counsel shall file opening papers in support of final approval of the Stipulation and Settlement, and any motion for an award of attorneys' fees and reimbursement of expenses, or a reimbursement award to Class Plaintiffs, no later than twenty-one (21) days prior to the Final Approval Hearing.

20.     Any Class Member and any other interested person may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing,

- 6 -

provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection with its consideration of those matters, unless on or before the Opt-Out/Objection Deadline, such person:

    a.    Files with the Court a notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the matter to be considered and the grounds therefor, together with any documentation that such person intends to rely upon at the Final Approval Hearing, a list of all transaction(s) involving NantKwest common stock between July 28, 2015 and the present, including the number of shares, principal amount and trade date of each purchase and sale, and brokerage statements and/or confirmation slips sufficient to establish that such person is a member of the Class; and

    b.    Serves copies of all such materials either by hand delivery or by first-class mail, postage prepaid, upon the following counsel:

| | |
|---|---|
| Joshua B. Silverman<br>POMERANTZ LLP<br>Ten South La Salle St., Ste. 3505<br>Chicago, IL 60603 | Boris Feldman<br>WILSON SONSINI GOODRICH &<br> ROSATI P.C.<br>650 Page Mill Road<br>Palo Alto, CA 94304 |
| David J. Stone<br>BRAGAR EAGEL & SQUIRE P.C.<br>885 Third Avenue, Suite 3040<br>New York, NY 10022 | James C. Rutten<br>MUNGER TOLLES & OLSON LLP<br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90071-3426 |

21.    Class Counsel shall file any reply papers in further support of the Stipulation and Settlement, or any motion for an award of attorneys' fees and reimbursement of expenses no later than seven (7) days prior to the Final Approval Hearing.

**Other Provisions**

22.    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

23.    Neither the Stipulation nor any provision therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the Plaintiffs, Class Counsel, Defendants, the Released Parties (as defined in the Stipulation), or any other person, of liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and neither the Stipulation nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that any Plaintiffs or any person has or has not suffered any damage.

24.    In the event that the Settlement is terminated or is not consummated for any reason, the Stipulation and all proceedings had in connection therewith shall be null and void, and without prejudice to the rights of the parties to the Stipulation before it was executed.

25.    The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement.  The Court may approve the Settlement, with such modifications as may be agreed by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.


Dated: _____        _____
                                              HONORABLE MICHAEL W. FITZGERALD
                                              UNITED STATES DISTRICT JUDGE

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

EXHIBIT A-1

1

**EXHIBIT A-1**

2

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

3

4

| | |
|---|---|
| SUNIL SUDUNAGUNTA, | Case No. 16-cv-1947-MWF (JEMx) |
| v. | Hon. Michael W. Fitzgerald |
| NANTKWEST, INC., et al. | Class Action |

5

6

7

8

**NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION**

9

10

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.**

11

12

TO:   **ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED NANTKWEST, INC. ("NANTKWEST" OR THE "COMPANY") COMMON STOCK IN OR TRACEABLE TO NANTKWEST'S JULY 28, 2015 INITIAL PUBLIC OFFERING ("IPO").**

13

14

15

**Excluded from the Class are anyone named as a defendant in this litigation, the present and former officers and directors of NantKwest and any subsidiary thereof, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendant (or combination of Defendants) has or had (during the period July 28, 2015 to the present) a controlling interest.**

16

17

18

19

**CLASS RECOVERY:** This Notice has been sent to you pursuant to an Order of the United States District Court for the Central District of California (the "Court") in the above-captioned action (the "Action"). One of the purposes of this Notice is to inform you of the proposed $12 million cash Settlement of the Action. Your recovery will depend on the number of shares of NantKwest common stock you, and other Class Members who file claims, purchased and sold and the prices at which you, and the other Class Members who file claims, purchased and sold those shares. Plaintiffs estimate that all 9,531,200 shares issued in NantKwest's IPO may have been damaged. If so, the estimated average recovery will have an economic value of approximately $1.259 per share, before deduction of Court approved fees and expenses and costs of notice and claims administration. The actual amount disbursed to members of the Class who participate in the Settlement may be more or less than this figure.

20

21

22

23

24

25

**POTENTIAL OUTCOME OF THE CASE:** The parties vigorously disagree on both liability and damages, and do not agree on the average amount of damages per share that would be recoverable if Plaintiffs prevailed on each claim alleged. No trial has taken place, and no trier of fact has ruled on any claim or defense in this Action. Prior to this Settlement, this Action was set for trial to begin on August 6, 2019. The Defendants continue to deny that they are liable to the Plaintiffs or the Class and deny that Plaintiffs or the Class have suffered any damages, and the

26

27

28

Settlement is not any admission of wrongdoing or liability.

**REASONS FOR SETTLEMENT:** Plaintiffs believe that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Class. Plaintiffs and their counsel have reached this conclusion after investigating and considering, among other things, the amount of the Settlement, the strengths and weaknesses of Plaintiffs' claims against Defendants, the uncertainties of maintaining class certification, trial and appeal, and the concrete benefits provided by the Settlement to the members of the Class. The Settlement was entered into after arms' length mediation proceedings.

Without admitting any wrongdoing or liability, Defendants are willing to settle provided that all of the claims of the Class are settled and compromised, in order to avoid the continuing burden, expense, inconvenience and distraction of continued litigation.

**ATTORNEYS FEES AND COSTS SOUGHT**: Class Counsel have not received any payment for their services in conducting this litigation on behalf of Plaintiffs and the members of the Class, nor have they been reimbursed for their out-of-pocket expenditures. If the Settlement is approved by the Court, Class Counsel will apply to the Court for attorneys' fees not to exceed 25% of the Settlement Amount, and reimbursement of expenses not to exceed $250,000. If the amount requested by counsel is approved by the Court, the average cost would be $0.341 per share for the 9,531,200 shares offered in the IPO. In addition, a Compensatory Award for the time and expenses incurred by Class Plaintiffs will be sought, not to exceed $7,500 each.

**IDENTIFICATION OF PLAINTIFFS' COUNSEL:** Requests for further information may be directed to: Joshua B. Silverman, Pomerantz LLP, 10 South La Salle Street, Suite 3505, Chicago, IL 60603, jbsilverman@pomlaw.com, Class Counsel.

**DEFINED TERMS:** All capitalized terms not specifically defined in this Notice shall have the same meaning as provided in the Stipulation of Settlement.

## I.     <u>IDENTIFICATION OF THE CLASS</u>

The proposed Settlement affects the rights of the members of the Class. The Class consists of:

> All persons who purchased or otherwise acquired NantKwest common stock in or traceable to NantKwest's July 28, 2015 IPO.

Excluded from the Class are anyone named as a defendant in this litigation, the present and former officers and directors of NantKwest and any subsidiary thereof, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any defendant (or combination of defendants) has or had (during the period July 28, 2015 to the present) a controlling interest.

*The sending of this Notice should not be construed as any indication of the Court's view as to the merits of any claims or defenses asserted by any party to this Action.*

## II.    DESCRIPTION OF THE ACTION

### Summary of the Action

This Action alleges that NantKwest, certain of its former officers and directors, and the underwriters for NantKwest's IPO made material misrepresentations in violation of the Securities Act of 1933 in the Registration Statement for NantKwest's July 28, 2015 IPO. Earlier complaints also alleged violations of the Securities Exchange Act of 1934, for statements made in the Registration Statement and thereafter.  On June 14, 2016, pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court appointed Class Plaintiffs Brayton Li and Donald Hu to be lead plaintiffs, appointed their counsel, Pomerantz LLP and Bragar, Eagel & Squire, P.C., to be co-lead counsel, and appointed Glancy, Prongay & Murray LLP to be liaison counsel.

On August 4, 2016, Class Plaintiffs filed an Amended Complaint, which Defendants moved to dismiss and which was partially dismissed on May 16, 2017.  Class Plaintiffs thereafter filed a Second Amended Complaint, and a Third Amended Complaint, which Defendants moved to dismiss.  On September 20, 2017, the Court denied Defendants' motion to dismiss the Third Amended Complaint.

On April 2, 2018, Class Plaintiffs moved for class certification with respect to the Securities Act claims in the Third Amended Complaint, and to withdraw the Exchange Act claims.  On August 13, 2018, the Court entered an Order granting class certification, and allowing the Plaintiffs to withdraw the Exchange Act claims by filing a Fourth Amended Complaint, which was filed on August 24, 2018.

On August 27, 2018, certain Defendants filed a petition with the United States Court of Appeals for the Ninth Circuit for interlocutory appeal of the class certification order.  That petition was briefed but not ruled upon at the time of the Settlement.

### The Proposed Settlement and Class Counsel's Evaluation

On March 14, 2018, the parties participated in a mediation session before Robert Meyer, Esq., an experienced mediator.  That session did not resolve the parties dispute, but with Mr. Meyer's assistance they continued to negotiate over the following six months.

On September 7, 2018, the mediator made a mediator's proposal to all parties to settle this Action for the Settlement Amount.  On September 14, 2018, the parties accepted the mediator's proposal.  Thereafter, all proceedings were stayed in both the district and appellate courts.

Class Counsel continue to believe that the claims against the Defendants in this Action have merit and that the evidence developed in discovery would support their claims at trial. However, they recognize and acknowledge the expense and length of continued proceedings, trial, and appeals, and have taken into account the uncertain outcome and the risk of any litigation, especially complex actions such as here. They are also mindful of the defenses asserted by Defendants and the risk that the appeal posed to maintaining the Class as certified.  Class

3

Counsel believe that the Settlement set forth in the Stipulation confers a meaningful benefit upon the Class. Based on the evaluation and recommendation of Class Counsel, Class Plaintiffs have determined that the Settlement is in the best interests of the Class.

**The Release**

Upon the Effective Date, Class Plaintiffs and Class Members who do not timely and validly request exclusion from the Class, on behalf of themselves, and to the fullest extent permitted by law, their heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors, assigns, parents, subsidiaries, affiliates, members, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged the Released Parties from the Released Claims and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any of the Released Claims against any of the Released Parties directly, indirectly, or otherwise, whether or not such Class Plaintiffs or Class Members execute and deliver a Proof of Claim and Release to the Settlement Administrator.

Upon the Effective Date, Defendants also hereby release and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any claim against Class Plaintiffs, Class Members or Class Counsel related to this Action or the prosecution thereof.

## III.    PROPOSED PLAN OF ALLOCATION

The $12,000,000 Settlement Amount, together with any interest earned thereon and/or proceeds thereof shall be the Settlement Fund.  The Settlement Fund less taxes, approved costs, fees and expenses (the "Net Settlement Fund" shall be distributed to members of the Class who submit valid Proofs of Claim ("Authorized Claimants").

The Settlement Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss."  The Recognized Loss formula is not intended to be an estimate of the amount of what a Class Member lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

The Plan of Allocation is based on the damage formula specified by Section 11 of the Securities Act, 15 U.S.C. § 77k(e), in conjunction with the advice of Plaintiffs' experts.  For purposes of this Settlement, the Recognized Loss shall be calculated as follows:

1. For each share of NantKwest common stock that was sold prior to March 22, 2016, the Recognized Loss per share is *the lesser of*:

   a. $25 (*i.e.*, the IPO offer price) *minus* the sale price; or
   b. the purchase price *minus* the sale price.

4

2. For each share of NantKwest common stock that was sold on or after March 22, 2016, the Recognized Loss per share is *the lesser of*:

    a. $25 (*i.e.*, the IPO offer price) *minus* the greater of the sale price or $8.67 (*i.e.,* the closing price on March 22, 2016); or

    b. the purchase price *minus* the greater of the sale price or $8.67.

3. For each share of NantKwest common stock that was not sold, the Recognized Loss per share is *the lesser of*:

    a. $25 (*i.e.*, the IPO offer price) *minus* $8.67; or

    b. the purchase price minus $8.67.

## General Provisions:

1. There shall be no Recognized Loss attributed to any NantKwest securities other than unrestricted common stock.

2. The date of a purchase or sale of NantKwest common stock is the "trade" date, and not the "settlement" date.

3. The first-in, first-out ("FIFO") basis will be applied to both purchases and sales.

4. For purposes of this Settlement, all shares purchased between July 28, 2015 and January 25, 2016 (the end of the lock-up period restricting the resale of substantially all non-IPO shares), both dates inclusive, shall be presumed traceable to the IPO. Purchases after January 25, 2016 shall be presumed not traceable to the IPO.

5. The date of covering a "short sale" is deemed to be the date of purchase of NantKwest common stock; and the date of a "short sale" is deemed to be the date of sale of NantKwest common stock originally sold short. Short sales will have a Recognized Loss of zero. Exercise of option contracts into NantKwest common stock will be considered to be purchases or sales of NantKwest common stock as of the date of the exercise.

6. No cash payment will be made on a claim where the potential distribution amount is less than $20. Please be advised that if you did not incur a Recognized Loss as defined in the Plan of Allocation you will not receive a cash distribution from the Net Settlement Fund, but you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Claims against the Released Parties.

7. The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

8. No Person shall have any claim against Class Plaintiffs, Class Counsel, the Defendants, Defendants' Counsel, Defendants' insurers, or any of the other Released Parties based on

investments or distributions of or from the Settlement Fund, the Gross Settlement Fund, or the Net Settlement Fund, whether or not such investments or distributions are made in accordance with the Stipulation of Settlement, the Plan of Allocation, or orders of the Court.  No Person shall have any claim against the Settlement Administrator based on investments or distributions made in accordance with the Stipulation of Settlement, the Plan of Allocation, or orders of the Court.

9. Class members who do not submit valid Proofs of Claim will not share in the settlement proceeds. Class members who do not either submit a Request for Exclusion or submit a valid Proof of Claim will nevertheless be bound by the settlement and the Order and Final Judgment of the Court dismissing this Action.

## IV.  REQUESTING EXCLUSION FROM THE CLASS

**IF YOU ARE A MEMBER OF THE CLASS, YOU MAY BE ELIGIBLE TO SHARE IN THE BENEFITS OF THIS SETTLEMENT AND WILL BE BOUND BY ITS TERMS UNLESS YOU EXCLUDE YOURSELF FROM THE CLASS.**

Each member of the Class shall be bound by all determinations and judgments of the Court in connection with the Settlement, whether favorable or unfavorable, unless such Class Member shall mail, by first class mail, sufficient postage prepaid, a written request for exclusion from the Class, **postmarked no later than            , 201__,** addressed to the Settlement Administrator at: NantKwest Securities Litigation, c/o JND Legal Administration, P.O. Box 91230, Seattle, WA 98111. Such request for exclusion shall be in a form that sufficiently identifies (1) the name and address of the person(s) or entity seeking exclusion, and (2) a list of all transaction(s) involving NantKwest common stock during the period July 28, 2015 through the present, including the number of shares, principal amount and trade date of each purchase and sale. A request for exclusion shall not be effective unless submitted within the time and in the form and manner provided for herein.  **You cannot exclude yourself by telephone, email or fax.**

**If a person or entity who is a member of the Class duly requests to be excluded from the Class, such person or entity will not be bound by any orders or judgments entered in respect of the Settlement and shall not be entitled to receive any benefits provided by the Settlement in the event it is finally approved by the Court.**

If a judgment approving the Settlement provided for in the Stipulation is finally entered, all members of the Class who have not requested exclusion shall conclusively be deemed to have released and shall thereafter be barred from asserting any of the Released Claims against the Released Parties.

## V.   STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT

If the proposed Settlement is approved, Class Counsel intend to apply to the Court for an award of attorneys' fees and reimbursement of expenses from the Settlement Fund.  Class Counsel will seek no more than 25 percent of the Settlement Fund as fees, plus an additional amount not to exceed $_____  as reimbursement for the expenses and costs actually incurred, in prosecuting the action. Class Counsel believe their intended fee request to be fair and reasonable.

Class Counsel have litigated this case on a wholly contingent basis and have received no compensation during the period the case has been pending. Class Counsel expended considerable time and expense during the Action.  Had the case not been successful, Class Counsel would have sustained a considerable financial loss.

In addition, Class Counsel intend to apply to the Court on behalf of the two Court-appointed Class Plaintiffs for reimbursement from the Settlement Fund of their reasonable time, costs and expenses directly relating to their representation of the Class. Class Counsel will seek no more than $7,500 for each Class Plaintiff.

## VI.   THE FINAL APPROVAL HEARING

The Final Approval Hearing shall be held before Honorable Michael W. Fitzgerald on _____, 201__ at _____ .m., in Courtroom 5A of the United States District Court for the Central District of California, First Street Courthouse, 350 West First Street, Los Angeles, California 90012, to determine: (1) whether the proposed Settlement of the Class's claims against the Defendants for $12,000,000 should be approved as fair, reasonable and adequate; (2) whether the proposed Plan of Allocation is fair, just, reasonable, and adequate; (3) whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action; (4) whether the Action should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement filed with the Court; (5) whether the application by Class Counsel for an award of attorneys' fees and expenses should be approved; and (6) whether the Class Plaintiffs' application for reimbursement of costs and expenses should be granted.

***The Final Approval Hearing may be adjourned or continued by the Court without further notice other than an announcement at such hearing or on the court's PACER website.***

Any Class Member who does not timely and validly request exclusion from the Class and who objects to the Settlement, the adequacy of the representation provided by Class Plaintiffs and Class Counsel, the proposed Plan of Allocation of the Net Settlement Fund, the Final Order and Judgment contemplated by the Stipulation, the application for attorneys' fees and reimbursement of expenses, and/or the application for the reimbursement of the reasonable costs and expenses of the Class Plaintiffs; or who otherwise wishes to be heard with respect to any of the foregoing, may appear in person or by attorney at the Final Approval Hearing, at his or her own expense, and present any evidence or argument that may be proper and relevant. However, no person shall be heard, and no papers, briefs, pleadings or other documents submitted by any such person shall be considered by the Court unless, no later than _____, 201__, (1) a notice of the person's intention to appear, (2) a statement of such person's objections to any matter before the Court, (3) the grounds for such objections or the reason for such person's request to appear and to be heard, together with any documents that may be presented at the Final Approval Hearing; (4) a list of all transaction(s) involving NantKwest common stock between July 28, 2015 and the present, including the number of shares, principal amount and trade date of each purchase and sale; and (5) brokerage statements and/or confirmation slips sufficient to establish that such person is a member of the Class, shall be filed by such person with the Clerk of the Court, and, on or before such filing, shall be delivered by hand, overnight mail or by certified mail, return-

7

receipt requested, sufficient postage prepaid, upon each of the following counsel of record:

Joshua B. Silverman
POMERANTZ LLP
Ten South La Salle St., Ste. 3505
Chicago, IL  60603

David J. Stone
BRAGAR EAGEL & SQUIRE P.C.
885 Third Avenue, Suite 3040
New York, NY 10022

Boris Feldman
WILSON SONSINI GOODRICH &
 ROSATI P.C.
650 Page Mill Road
Palo Alto, CA  94304

James C. Rutten
MUNGER TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426

Any person or entity who fails to object in the manner prescribed in the paragraph immediately above shall be deemed to have waived any objections that person may have and shall be barred from raising such objections in this or any other action or proceeding. Objections directed solely to the proposed Plan of Allocation, attorneys' fees and expenses, or awards to the Class Plaintiffs will not affect the finality of either the Settlement or the Judgment to be entered thereon, if the Settlement is approved by the Court.

All members of the Class who do not request exclusion therefrom, in the manner provided herein, will be represented by Class Counsel in connection with the Settlement, but may, if they so desire, also enter an appearance through counsel of their own choice and at their own expense.

## VII.   PROOF OF CLAIM AND RELEASE FORM

***To be eligible to receive a cash distribution from the Settlement Fund, you must timely complete, sign and file a Proof of Claim and Release Form ("Proof of Claim").*** A Proof of Claim is annexed to this Notice. You may receive more than one copy of this Notice and the Proof of Claim, but you should **submit only one Proof of Claim** for each differently named account or ownership, such as an individual account, an IRA account, a joint account, a custodial account, etc.

The Proof of Claim (1) **must** be completed in accordance with the Instructions on the Proof of Claim, (2) **must** enclose all documentation required by the Instructions, and (3) **must** be filed with the Settlement Administrator **postmarked on or before _____, 201__** at the following address:

Nantkwest Securities Litigation

C/O JND Legal Administration

P.O. Box 91230

Seattle, WA 98111

8

A Proof of Claim will be deemed filed when mailed via first-class mail, sufficient postage prepaid.

Members of the Class who do not exclude themselves from the Class and who fail to submit a valid and timely Proof of Claim will nevertheless be bound by the Settlement if finally approved, and all orders and judgments entered by the Court in connection therewith.

By Order of the Court, the Proof of Claim provides for and requires a Release of all Released Claims as described in Section II, above, by all members of the Class who file Proofs of Claim. The Release will become effective on the Effective Date of the Settlement.

Each person or entity submitting a Proof of Claim thereby submits to the jurisdiction of the Court for purposes of the Litigation, the Settlement and any proceedings relating to such Proof of Claim, and agrees that such a filed Proof of Claim will be subject to review and further inquiry as to such person's or entity's status as a member of the Class and the allowable amount of the claim.

## VIII.  SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired shares of NantKwest common stock in NantKwest's July 28, 2015 IPO, or between July 28, 2015 and January 25, 2016, both dates inclusive, for the beneficial interest of a person or organization other than yourself, you must either (a) within seven (7) days after receipt of this Notice, provide to the Settlement Administrator the name and last known address of each person or entity (preferably in Excel or csv electronic format) setting forth (i) title/registration; (ii) street address; (iii) city/state/zip; or (b) request, in writing, additional copies of this Notice at the below address, which will be provided free of charge, and within seven (7) days after receipt of such Notices, mail the Notice directly to the beneficial owners of the securities referred to herein.

If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Settlement Administrator confirming that the mailing was made as directed. You are entitled to reimbursement of your *reasonable* expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the actual out of pocket cost incurred in connection with ascertaining the names and addresses of beneficial owners, not to exceed $.70/unit.  Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Settlement Administrator at the following address:

Nantkwest Securities Litigation

C/O JND Legal Administration

P.O. Box 91230

9

Seattle, WA 98111

## IX.  EXAMINATION OF PAPERS AND INQUIRIES

For further information about the Action, you may contact the settlement administrator at its website, www.nantkwestsecuritieslitigation.com, or by email at: info@nantkwestsecuritieslitigation.com, or may contact Class Counsel at the address listed above, or consult the pleadings and other papers filed in the Action at the Office of the Clerk of the United States District Court for the Central District of California, First Street Courthouse, 350 West First Street, Los Angeles, California 90012, during normal business hours of each business day. If you have an account with PACER, you may consult the pleadings and other papers via Electronic Case Filing at the website of the Central District of California: https://ecf.cacd.uscourts.gov/.

If you have any questions concerning this case or your membership in the Class, please contact the Settlement Administrator:

Nantkwest Securities Litigation
C/O JND Legal Administration
P.O. Box 91230
Seattle, WA 98111

Telephone: 1-888-663-1726
info@nantkwestsecuritieslitigation.com
www.nantkwestsecuritieslitigation.com

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL.**

Dated: _____, 2018

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**By Order of the Court**
**United States District Court**
**Central District of California**

10

NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION

EXHIBIT A-2

**EXHIBIT A-2**

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUNIL SUDUNAGUNTA,<br><br>          v.<br><br>NANTKWEST, INC., et al. | Case No. 16-cv-1947-MWF (JEMx)<br><br>Hon. Michael W. Fitzgerald<br><br>Class Action |

**PROOF OF CLAIM AND RELEASE**

**I.       GENERAL INSTRUCTIONS**

1.       To recover as a member of the Class based on your claims in the consolidated action entitled *Sudunagunta v. NantKwest, Inc.*, No. 16-cv-1947-MWF (JEMx) (C.D. Cal.) you must complete and, on page ___ hereof, sign this Proof of Claim and Release form ("Proof of Claim").  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.       Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.       YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **NO LATER THAN _____, 201__**, ADDRESSED AS FOLLOWS:

**NantKwest Securities Litigation**

**c/o JND Legal Administration**

**P.O. Box 91230**

**Seattle, WA 98111**

If you are NOT a member of the Class (as defined in the Notice of Pendency and Settlement of Class Action ("Notice")), DO NOT submit a Proof of Claim.

4.       If you are a member of the Class and you did not timely request exclusion in connection with the proposed Settlement, you are bound by the terms of any judgments entered in

- 1 -

1 the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A

2 PROOF OF CLAIM.

3 **II.     CLAIMANT IDENTIFICATION**

4      If you purchased or otherwise acquired NantKwest, Inc. ("NantKwest" or the "Company")

5 common stock in or traceable to NantKwest's July 28, 2015 Initial Public Offering ("IPO") and

6 held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the

7 record purchaser or acquirer.   If, however, you purchased or otherwise acquired NantKwest

8 common stock in or traceable to NantKwest's July 28, 2015 IPO and the certificate(s) were

9 registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial

10 purchaser or acquirer and the third party is the record purchaser or acquirer.   ALL SHARES

11 PURCHASED BETWEEN THE TIME OF THE IPO AND JANUARY 25, 2016 WILL BE

12 PRESUMED TRACEABLE TO THE IPO.   ALL SHARES PURCHASED AFTER JANUARY 25,

13 2016 WILL BE PRESUMED NOT TRACEABLE.

14      Use Part I of this form entitled "Claimant Identification" to identify each purchaser or

15 acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the

16 NantKwest common stock which forms the basis of this claim.   THIS CLAIM MUST BE FILED

17 BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL

18 REPRESENTATIVE OF SUCH PURCHASER(S) OF ACQUIRER(S) OF THE NANTKWEST

19 COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

20      All joint purchasers or acquirers must sign this claim.   Executors, administrators, guardians,

21 conservators, and trustees must complete and sign this claim on behalf of persons represented by

22 them and their authority must accompany this claim and their titles or capacities must be stated.

23 The Social Security (or taxpayer identification) number and telephone number of the beneficial

24 owner may be used in verifying the claim.   Failure to provide the foregoing information could delay

25 verification of your claim or result in rejection of the claim.

26 **III.     CLAIM FORM**

27      Use Part II of this form entitled "Schedule of Transactions in NantKwest Common Stock" to

28 supply all required details of your transaction(s).   If you need more space or additional schedules,

1    attach separate sheets giving all of the required information in substantially the same form.  Sign
2    and print or type your name on each additional sheet.

3           On the schedules, provide all of the requested information with respect to ***all*** of your
4    purchases, acquisitions and sales of NantKwest common stock that was purchased or acquired in, or
5    that is traceable to, Nantkwest's IPO in July 2015, whether such transactions resulted in a profit or a
6    loss.  You must also provide all of the requested information with respect to all transactions in
7    NantKwest common stock through the present.  Failure to report all such transactions may result in
8    the rejection of your claim.

9           List each transaction in the Class Period separately and in chronological order, by trade date,
10   beginning with the earliest.  You must accurately provide the month, day, and year of each
11   transaction you list.

12          The date of covering a "short sale" is deemed to be the date of purchase of NantKwest
13   common stock.  The date of a "short sale" is deemed to be the date of sale of NantKwest common
14   stock.

15          Copies of broker confirmations or other documentation of your transactions in NantKwest
16   common stock should be attached to your claim.  Failure to provide this documentation could delay
17   verification of your claim or result in rejection of your claim.

18          NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of
19   transactions may request, or may be requested, to submit information regarding their transactions in
20   electronic files.  All claimants MUST submit a manually signed paper Proof of Claim whether or
21   not they also submit electronic copies.  If you wish to file your claim electronically, you must
22   contact the Settlement Administrator at NKISecurities@JNDLA.com to obtain the required file
23   layout.  No electronic files will be considered to have been properly submitted unless the Settlement
24   Administrator issues to the claimant a written acknowledgment of receipt and acceptance of
25   electronically submitted data.

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

*Sudunagunta v. NantKwest, Inc.,*

Case No. 16-cv-1947-MWF (JEMx)

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked No Later Than:**

**_____, 201__**

Please Type or Print

---

**PART I: CLAIMANT IDENTIFICATION**

Last Name

M.I.    First Name

Last Name (Co-Beneficial Owner)

M.I.    First Name (Co-Beneficial Owner)

○ IRA    ○ Joint Tenancy    ○ Employee    ○ Individual    ○ Other _____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number    or    Taxpayer Identification Number

Telephone Number (Primary Daytime)

Telephone Number (Alternate)

Email Address

**MAILING INFORMATION**

Address

Address

City    State    Zip Code

Foreign Province    Foreign Postal Code    Foreign Country Name/Abbreviation

---

- 4 -

PART II:       SCHEDULE OF TRANSACTIONS IN NANTKWEST COMMON STOCK

A.     Purchases or acquisitions of NantKwest common stock in NantKwest's July 28, 2015 IPO, or between July 28, 2015 and January 25, 2016, both dates inclusive:

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Purchase or Acquisition Price Per Share | Total Purchase or Acquisition Price |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |

IMPORTANT:  If any purchase listed covered a "short sale," please mark Yes: □ Yes

B.     State the total number of NantKwest common stock Purchased or acquired between January 26, 2016 and [Claims Filing Deadline], both dates inclusive:

C.     All Sales of NantKwest common stock between July 28, 2015 and [Claims Filing Deadline], both dates inclusive:

| Trade Date Month Day Year | Number of Shares Sold | Sale Price Per Share | Total Sales Price |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |

D.     State the total number of NantKwest common stock owned at the close of trading on [Claims Filing Deadline].

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Central District of California, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Settlement Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of NantKwest common stock which are subject to the Litigation and know of no other person having done so on my (our) behalf.

**V.    RELEASE**

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Parties," defined as Defendants, their present and former parents, subsidiaries, divisions, departments, affiliates, stockholders, officers, directors, employees, agents, and any of their advisors, counsel, underwriters, insurers, co-insurers, reinsurers, accountants, auditors, representatives, controlling persons, administrators, estates, spouses, heirs, joint ventures, general or limited partners or partnerships, limited liability companies and any trust of which any individual defendant is the settlor or which is for the benefit of an individual defendant and/or any member of an individual defendant's immediate family, and any entity in which a Defendant has a controlling interest (directly or indirectly) (and the predecessors, successors, administrators and assigns of each of the foregoing).

2.    "Released Claims" shall collectively mean all claims, rights, demands, obligations, damages, actions or causes of action, or liabilities whatsoever, of every nature and description, whether known or unknown (including Unknown Claims as defined herein), whether arising under federal, state, common or foreign law or regulation, that arise out of or relate in any way to the purchase, other acquisition, sale, or other disposition of NantKwest securities in or traceable to

- 6 -

NantKwest's initial public offering, and/or the acts, facts, statements, or omissions that were or could have been alleged or asserted by Plaintiffs or any member of the Class in the Action or in any other action in any court or forum.

       3.     "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description which I (we) do not know or suspect to exist, or do not have reason to know or suspect to exist, in my (our) favor at the time of the release of the Released Parties which, if known by my (our), might have affected my (our)  settlement with and release of the Released Parties, or might have affected my (our) decision not to object to this Settlement.   With respect to any and all of the Released Claims, I (we) agree that, upon the Effective Date, I (we) shall have expressly waived, and by operation of the Judgment shall be deemed to have waived, the provisions, rights and benefits of California Civil Code § 1542 and any similar rule or provision of law or equity of any other jurisdiction.  Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

I (we) acknowledge that I (we) may hereafter discover facts in addition to or different from those which I (we)  know or believe to be true with respect to the matter of the Released Claims, but  I (we) nevertheless shall have expressly fully, finally, and forever settled and release any and all Released Claims, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  I (we) further stipulate and agree that I (we) have had an opportunity to consult with counsel of my (our) choosing about this waiver and the implications thereof, and that I (we) by operation of the Judgment shall be deemed to have had such opportunity.  I (we) acknowledge, and by operation of the Judgment shall be deemed to have acknowledged, that the foregoing waiver was separately bargained for and is a key and material element of the Settlement of which this release is a part.

4.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in NantKwest common stock which are subject to the Action as well as the number of shares of NantKwest common stock held by me (us) as of March 22, 2016.

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____
　　　　　　　　　　　　　　　　　　　　　　　(Month/Year)

in _____
　　　　　　　(City)　　　　　　　　　　　(State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.      Please sign the above release and declaration.

2.      Remember to attach copies of supporting documentation, if available.

3.      **Do not send** originals of certificates or other documentation as they will not be returned.

4.      Keep a copy of your claim form and all supporting documentation for your records.

5.      If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

- 8 -

6.      If you move, please send your new address to: NantKwest Securities Litigation, c/o JND Legal Administration, P.O. Box 91230, Seattle, WA 98111.

7.      **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN _____, 201__, ADDRESSED AS FOLLOWS:**

**NantKwest Securities Litigation**

**c/o JND Legal Administration**

**P.O. Box 91230**

**Seattle, WA 98111**

PROOF OF CLAIM AND RELEASE

EXHIBIT A-3

**EXHIBIT A-3**

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNIL SUDUNAGUNTA, <br><br>     v. <br><br> NANTKWEST, INC., et al. | Case No. 16-cv-1947-MWF (JEMx) <br><br> Hon. Michael W. Fitzgerald <br><br> Class Action |

## SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**TO:**  **ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED NANTKWEST, INC. ("NANTKWEST" OR THE "COMPANY") COMMON STOCK IN OR TRACEABLE TO NANTKWEST'S JULY 28, 2015 INITIAL PUBLIC OFFERING ("IPO").**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.   IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held in the above-captioned action (the "Action") on _____, 201___, at _:__ _.m., before the Honorable Michael W. Fitzgerald in Courtroom 5A of the United States District Court for the Central District of California, First Street Courthouse, 350 West First Street, Los Angeles, California 90012, to determine: (1) whether the proposed Settlement of the Class's claims against the Defendants for $12,000,000 should be approved as fair, reasonable and adequate; (2) whether the proposed Plan of Allocation is fair, just, reasonable, and adequate; (3) whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action; (4) whether the Action should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement filed with the Court; (5) whether the application by Class Counsel for an award of attorneys' fees and expenses should be approved; and (6) whether the Class Plaintiffs' application for reimbursement of costs and expenses should be granted.

This Action alleges that NantKwest, certain of its former officers and directors, and the underwriters for NantKwest's IPO made material misrepresentations in violation of the Securities Act of 1933 in the Registration Statement for NantKwest's July 28, 2015 IPO.  Defendants deny all of Class Plaintiffs' allegations.

1        IF YOU PURCHASED OR OTHERWISE ACQUIRED NANTKWEST COMMON STOCK IN

2    OR TRACEABLE TO NANTKWEST'S JULY 28, 2015 IPO, YOUR RIGHTS MAY BE AFFECTED

3    BY THE SETTLEMENT OF THIS ACTION.

4        To share in the distribution of the Net Settlement Fund, you must establish your rights by

5    submitting a Proof of Claim, postmarked or delivered to the Settlement Administrator no later than

6    _____, 2019.  Your failure to submit your Proof of Claim by _____, 2019, will subject your claim to

7    rejection and preclude your receiving any of the recovery in connection with the settlement of the

8    Action.  If you are a member of the Class and do not request exclusion, you will be bound by the

9    Settlement and any judgment and release entered in the Action, including, but not limited to, the

10   Judgments, whether or not you submit a Proof of Claim.

11        If you have not received a copy of the Notice, which more completely describes the Settlement

12   and your rights thereunder (including your right to object to the Settlement or exclude yourself from the

13   Settlement), and a Proof of Claim form, you may obtain these documents, as well as a copy of the

14   Stipulation (which, among other things, contains definitions for the defined terms used in this Summary

15   Notice) and other settlement documents, online at www.nantkwestsecuritieslitigation.com, or by writing

16   to:

17                     Nantkwest Securities Litigation
                          C/O JND Legal Administration
18                     P.O. Box 91230
19                     Seattle, WA 98111

20

21        Inquiries should NOT be directed to Defendants, the Courts, or the Clerks of the Courts.

22   Inquiries may also be made to a representative of Plaintiffs' Counsel:

23                     Joshua B. Silverman, Esq.
                          POMERANTZ LLP
24                     Ten South LaSalle Street
                          Suite 3505
25                     Chicago, IL  60603
26                     Telephone: (312) 377-1181

27                     David J. Stone
                          BRAGAR EAGEL & SQUIRE P.C.
28                     885 Third Avenue, Suite 3040

New York, NY 10022
Telephone: (212) 308-5858

*Class Counsel*

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS POSTMARKED NO LATER THAN _____, 2019, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  ALL MEMBERS OF THE CLASS WHO HAVE NOT REQUESTED EXCLUSION FROM THE CLASS WILL BE BOUND BY THE JUDGMENTS ENTERED IN THE ACTION EVEN IF THEY DO NOT FILE A TIMELY PROOF OF CLAIM.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, AND/OR THE REQUEST BY PLAINTIFFS' COUNSEL FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES.  ANY OBJECTIONS MAY BE FILED WITH EITHER COURT AND MUST BE SENT TO PLAINTIFFS' COUNSEL BY _____, 2019, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.


DATED: _____

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA
HONORABLE MICHAEL W. FITZGERALD

- 3 -

SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

# EXHIBIT B

1  Robert V. Prongay (SBN 270796)
2  Kara M. Wolke (SBN 241521)
   **GLANCY PRONGAY & MURRAY LLP**
3  1925 Century Park East, Suite 2100
   Los Angeles, California 90067
4  Telephone: (310) 201-9150
   E-mail: kwolke@glancylaw.com
5
6  *Liaison Counsel for Class Plaintiffs*
7  UNITED STATES DISTRICT COURT
   CENTRAL DISTRICT OF CALIFORNIA
8
9     SUNIL SUDUNAGUNTA                Case No. 16-cv-01947-MWF-JEM
10
               v.                      Consolidated with
11                                     2:16-cv-3438-MWF-JEM
      NANTKWEST, INC., PATRICK
12    SOON-SHIONG, RICHARD             CLASS ACTION
      GOMBERG, BARRY J. SIMON,
13    STEVE GORLIN, MICHAEL D.
      BLASZYK, HENRY JI, RICHARD       **[PROPOSED] JUDGMENT AND
14    KUSSEROW, JOHN T. POTTS, JR.,    ORDER GRANTING FINAL
      ROBERT ROSEN, JOHN C.            APPROVAL OF CLASS ACTION
15    THOMAS JR., MERRILL LYNCH,       SETTLEMENT**
      PIERCE, FENNER & SMITH, INC.,
16    CITIGROUP GLOBAL MARKETS
      INC., JEFFERIES LLC, PIPER       Hon. Michael W. Fitzgerald
17    JAFFRAY & CO., and MLV & CO.,
      LLC.,
18
19
20
21
22
23
24
25
26
27
28

WHEREAS, the Court is advised that the Parties,[1] through their counsel, have agreed, subject to Court approval following notice to the Class and hearings, to settle the Actions upon the terms and conditions set forth in the Stipulation of Settlement dated October __, 2018 (the "Stipulation"), which was filed with the Court; and

WHEREAS, on _____, 201__, the Court entered its Order Preliminarily Approving Settlement and Providing for Notice, which preliminarily approved the Settlement, and approved the form and manner of notice to the Class of the Settlement, and said notice having been issued, and the fairness hearing having been held;

NOW, THEREFORE, based upon the Stipulation and all of the filings, records and proceedings herein, and it appearing to the Court upon examination that the Settlement set forth in the Stipulation is fair, reasonable and adequate, and upon a Settlement Final Approval Hearing having been held after notice to the Class of the Settlement to determine if the Settlement is fair, reasonable, and adequate and whether the Judgment should be entered in this Action;

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A.     The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

B.     This Court has jurisdiction of the subject matter of this Action and over all of the Parties and all members of the Class.

D.     The form, content, and method of dissemination of notice given to the Class was adequate and reasonable and constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort.

---

[1] As used herein, the term "Parties" refers to Donald Hu and Brayton Li ("Class Plaintiffs"), and Defendants NantKwest, Inc. ("NantKwest"), Patrick Soon-Shiong, Richard Gomberg, Barry J. Simon, Steve Gorlin, Michael D. Blaszyk, Henry Ji, Richard Kusserow, John T. Potts, Jr., Robert Rosen, and John C. Thomas Jr., Merrill Lynch, Pierce, Fenner & Smith, Incorporated, Citigroup Global Markets Inc., Jefferies LLC, Piper Jaffray & Co., and MLV & Co., LLC.

E.      Notice, as given, complied with the requirements of the Federal Rules of Civil Procedure, satisfied the requirements of due process, as well as the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78-u4(a)(7), and constituted due and sufficient notice of the matters set forth herein.  The Court finds that a full opportunity has been afforded to Class Members to object to the Settlement and/or to participate in the Final Approval Hearing.  Furthermore, the Court hereby affirms that due and sufficient notice has been given to the appropriate State and Federal officials pursuant to the Class Action Fairness Act, 28 U.S.C § 1715.

F.      The Settlement set forth in the Stipulation is fair, reasonable, and adequate. In making this determination, the Court has considered factors with respect to fairness, which include "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity and likely duration of further litigation; (3) the risk of maintaining class action status throughout trial; (4) the amount offered in settlement; (5) the extent of discovery completed; (6) the experience and views of counsel; (7) the presence of a governmental participant; (8) the reaction of the class members to the proposed settlement; and (9) the absence of collusion in the settlement procedure." *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

(i)      The Settlement was vigorously negotiated at arm's length by Class Plaintiffs on behalf of the Class and by Defendants, all of whom were represented by highly experienced and skilled counsel.  The case settled only after: (a) a mediation conducted by an experienced mediator who was thoroughly familiar with this litigation; (b) the exchange of detailed mediation statements prior to the mediation which highlighted the factual and legal issues in dispute; (c) extensive paper and deposition discovery; and (d) class certification.  Accordingly, both Class Plaintiffs and Defendants were well-positioned to evaluate the Settlement value of this Action.  The Stipulation has been entered into in good faith and is not collusive.

(ii)      If the Settlement had not been achieved, both Class Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation.  The Court

takes no position on the merits of either Class Plaintiffs' or Defendants' arguments, but notes these arguments as evidence in support of the reasonableness of the Settlement.

G.      Class Plaintiffs and Class Counsel have fairly and adequately represented the interest of the Class Members in connection with the Settlement.

H.      Class Plaintiffs, all Class Members, and Defendants are hereby bound by the terms of the Settlement set forth in the Stipulation.

**IT IS HEREBY ORDERED THAT:**

1.      The Settlement on the terms set forth in the Stipulation is finally approved as fair, reasonable and adequate.  The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.  The Parties are to bear their own costs and attorneys' fees, except as otherwise provided in the Stipulation and, as among Defendants, as governed by any contract existing between or among two or more Defendants.

2.      All Released Parties as defined in the Stipulation are released in accordance with, and as defined in, the Stipulation.

Upon the Effective Date, Class Plaintiffs and each Class Member shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, whether or not such Class Member executes and delivers a Proof of Claim and Release.  Nothing contained herein shall, however, bar any action or claim to enforce the terms of the Stipulation or this Judgment.

3.      Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released Plaintiffs and Class Counsel from any claim related to this Action or the prosecution thereof.  Nothing contained herein shall, however, bar any action or claim to enforce the terms of the Stipulation or this Judgment.

4.      Upon the Effective Date, in accordance with 15 U.S.C. § 78u-4(f)(7)(A), all Persons shall be enjoined and barred from commencing or continuing any claim, cross-

claim, third-party claim, claim over, or action in any forum against the Released Parties, seeking, as damages, indemnity, contribution, or otherwise, the recovery of all or part of any liability or settlement which such persons (i) paid, (ii) were obligated to pay or agreed to pay, or (iii) may become obligated to pay to the Settlement Class, as a result of such persons' liability for or participation in any acts, facts, statements or omissions that were or could have been alleged in the Action.  Further, upon the Effective Date, NantKwest and the Individual Defendants shall be enjoined and barred from commencing or continuing any claim, cross-claim, third-party claim, claim over, or action in any forum against the Underwriter Defendants, seeking, as damages, indemnity, contribution, or otherwise, the recovery of all or part of any sum (including but not limited to attorneys' fees) that NantKwest or any Individual Defendant paid, was obligated to pay or agreed to pay, or may become obligated to pay, arising from the Action.  Notwithstanding the foregoing, nothing herein shall affect other obligations or claims between or among the Released Parties, including any contractual obligations NantKwest may have to pay or reimburse defense costs (including reasonable attorneys' fees) incurred in the Action by the Underwriter Defendants, or claims, cross-claims, third-party claims, claims over, or actions based on any such obligations.

5.     All Class Members who have not made their objections to the Settlement, or any aspect thereof (including Plaintiffs' application for an award of attorneys' fees and for reimbursement of their out-of-pocket costs incurred in the prosecution of the Action (the "Fee Request")), in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise.

6.     All Class Members who have failed to properly file requests for exclusion (requests to opt out) from the Class are bound by the terms and conditions of the Stipulation and this Final Judgment.

7.     The requests for exclusion, if any, by the persons or entities identified in Exhibit A to this Judgment are accepted by the Court.

8.      All other provisions of the Stipulation are incorporated into this Judgment as if fully set forth herein.  To the extent that the terms of this Judgment conflict with the terms of the Stipulation, the Stipulation shall control.

9.      Plaintiffs are hereby barred and enjoined from instituting, commencing, maintaining, or prosecuting in any court or tribunal any of the Released Claims against any of the Released Parties.

10.      Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be, or may be used as, a presumption, concession, or admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of the Defendants or any of the Released Parties; or (b) is or may be deemed to be, or may be used, as a presumption, concession, or admission of, or evidence of, any fault or omission of any of the Defendants or any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed to be an admission or evidence that any claims asserted by Class Plaintiffs lacked merit in any civil, criminal or administrative proceeding.  Defendants and the Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.      Pursuant to, and in full compliance with, the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to all Persons and entities who are Class Members advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to all Persons and entities who are Class Members to be heard with respect to the Plan of Allocation.

JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

12.   The Court hereby finds and concludes that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice of Proposed Settlement of Class Actions sent to Class Members, provides a fair and reasonable basis upon which to allocate the net proceeds of the Settlement among Class Members, with due consideration having been given to administrative convenience and necessity.

13.   A separate order shall be entered regarding Class Counsel's Fee and Expense Application and any Compensatory Award Application.  The finality of this Judgment shall not be affected, in any manner, by rulings that the Court may make on the Fee and Expense Application, or any Compensatory Award Application.

14.   In the event that the Stipulation is terminated in accordance with its terms: (i) this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*; and (ii) the Action shall proceed as provided in the Stipulation.

15.   Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and expenses in the Action; and (d) all Parties hereto for the purpose of construing, enforcing, and administrating the Stipulation.

16.   The Court finds and concludes that during the course of this Action, the Defendants, Defendants' Counsel, Class Plaintiffs and Class Counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.  No Party or their respective counsel violated any of the requirements of Rule 11 of the Federal Rules of Civil Procedure with respect to any of the complaints filed in this Action, any responsive pleadings to any of the above complaints or any motion with respect to any of the above complaints.

IT IS SO ORDERED.

Dated: _____

_____
HONORABLE MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE