Robert V. Prongay (SBN 270796)
Kara M. Wolke (SBN 241521)
Vahe Mesropyan (SBN 307244)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
E-mail: kwolke@glancylaw.com

Jennifer Pafiti (SBN 282790)
**POMERANTZ LLP**
468 North Camden Drive
Beverly Hills, CA 90210
Telephone:  (818) 532-6449
E-mail: jpafiti@pomlaw.com

[Additional Counsel on Signature Page]
*Attorneys for Class Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNIL SUDUNAGUNTA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NANTKWEST, INC., PATRICK SOON-SHIONG, RICHARD GOMBERG, BARRY J. SIMON, STEVE GORLIN, MICHAEL D. BLASZYK, HENRY JI, RICHARD KUSSEROW, JOHN T. POTTS, JR., ROBERT ROSEN, JOHN C. THOMAS JR., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., CITIGROUP GLOBAL MARKETS INC., JEFFERIES LLC, PIPER JAFFRAY & CO., and MLV & CO., LLC.,<br><br>Defendants. | Case No. 16-cv-01947-MWF-JEM<br><br>Consolidated with<br>2:16-cv-3438-MWF-JEM<br><br>CLASS ACTION<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF (i) MOTION FOR FINAL APPROVAL OF SETTLEMENT, AND (ii) MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND PLAINTIFFS' AWARDS**<br><br>Date:      April 29, 2019<br>Time:     10:00 a.m.<br>Before:   Hon. Michael Fitzgerald<br>Courtroom:   5A |

REPLY ISO MOTION FOR FINAL APPROVAL OF SETTLEMENT,
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND AWARDS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF CONTENTS</u>

I.     The Absence of Objections Strongly Supports Final Approval .......... 1

II.    The Limited Number of Exclusions Strongly Supports Final
       Approval................................................................................................. 3

III.   Conclusion.............................................................................................. 3

1

# <u>TABLE OF AUTHORITIES</u>

2

*Acosta v. Frito-Lay, Inc.*,
3
 No. 15-2128, 2018 U.S. Dist. LEXIS 75998 (N.D. Cal. May 4, 2018) ........... 3

4

*Etter v. Allstate Ins. Co*.,
5
 No. 17-0184, 2018 U.S. Dist. LEXIS 189136 (N.D. Cal. Nov. 4, 2018)......... 3

6

*In re HiEnergy Techs.*,
7
 SA CV 04-1226-VBF(JTLx),
8
 2010 U.S. Dist. LEXIS 147929 (C.D. Cal. Sep. 22, 2010) ............................ 2

9

*In re Mego Financial Sec Litig*,
10
 213 F. 3d 454 (9th Cir 2000) ........................................................................ 3

11

*In re Washington Public Power Supply System Sec. Litig.*,
12
 MDL No. 551, 1988 U.S. Dist. LEXIS 16532
13
 (W.D. Wash. July 28, 1988) ..................................................................... 1-2

14

*Mathein v. Pier 1 Imps. (U.S. Remodelers,.), Inc.*,
15
 C 09-05112 JSW,  2018 U.S. Dist. LEXIS 71386
16
 (N.D. Cal. Aug. Apr. 27, 2018) .................................................................... 3

17

*Maxin v. RHG & Co.*,
18
 No. 16-2625, 2018 U.S. Dist. LEXIS 26795 (S.D. Cal. Feb. 16, 2018) .......... 3

19

*Officers for Justice v. Civil Service Commission*,
20
 688 F.2d 615 (9th Cir. 1982) ....................................................................... 2

21

*Rinky Dink, Inc. v. World Bus. Lenders, LLC*,
22
 No. C14-0268-JCC, 2016 U.S. Dist. LEXIS 70858
23
 (W.D. Wash. May 31, 2016) ........................................................................ 3

24

*Saldivar v. Priority One Med. Transp., Inc.*,
25
 No. CV 09-04789, 2011 U.S. Dist. LEXIS 163720
26
 (C.D. Cal. Mar. 22, 2011)............................................................................ 2

27

*Scott v. HSS Inc.*,
 8:14-cv-01911-JLS-RNB,
28
 2017 U.S. Dist. LEXIS 207758 (C.D. Cal. Dec. 18, 2017).............................. 2

Lead Plaintiffs and Class Representatives Donald Hu and Brayton Li ("Class Plaintiffs") respectfully submit this Reply in further support of their motions for:

(1)   Final Approval of Class Action Settlement and Plan of Allocation ("Final Approval Motion"); and

(2)   Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Plaintiffs' Awards ("Fee Motion").

This Reply is supported by the Supplemental Declaration of Luiggy Segura Regarding (A) Mailing Of Notice of Pendency and Settlement of Class Action, and Proof of Claim and Release; and (B) Request for Exclusions and Objections ("Supp. Mailing Decl."), attached hereto as Exhibit 1.

The Court-ordered deadline for Class Members to object to the fairness, reasonableness, or adequacy of the Settlement, Plan of Allocation, Attorneys' Fees and Expenses, or the Class Plaintiffs' Award Application, or to opt-out of the Class or Settlement elapsed on April 15, 2019.  As of this filing, no Class Member has objected and only a single investor representing only 30 shares requested exclusion.   Accordingly, the reaction of the Class Members to the proposed Settlement, Plan of Allocation, attorneys' fees and expenses, and application for Class Plaintiffs' Awards supports entering the Proposed Order of Final Judgment.[1]

I.   **The Absence of Objections Strongly Supports Final Approval**

It has long been held that the "reaction of the class members to the proposed settlement is . . . an important factor in evaluating the fairness of the settlement." *In re Washington Public Power Supply System Sec. Litig.*, MDL No. 551, 1988

---

[1]  Attached as Exhibit 2 is a revised proposed order for final approval of the Settlement ("Revised Proposed Order and Final Judgment") that identifies in Paragraph 7 the request for exclusion, but is otherwise identical to the proposed order previously submitted as ECF No. 180.  *See* Ex. B. at 4, ¶7.

REPLY ISO OF MOTION FOR FINAL APPROVAL OF SETTLEMENT, ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND AWARDS

1

U.S. Dist. LEXIS 16532, at *8 (W.D. Wash. July 28, 1988) (citing *Officers for Justice v. Civil Service Commission,* 688 F.2d 615, 625 (9th Cir. 1982)).

Here, after completing a robust notice program that included mailing 25,375 Settlement Notice Packets to identifiable Class Members or their nominees, publishing summary notice over PR Newswire, and publishing all documents relevant to the Settlement on the Settlement Administrator's website, not a single Class Member has raised any objection to any aspect of the Settlement, the Plan of Allocation, or the Motion for Attorneys' Fees or Expenses, or the request for Class Plaintiffs' Awards. *See* Supp. Mailing Decl. at ¶¶ 6-8. Courts have recognized that a lack of any objection supports final approval. *See, e.g.*, *Scott v. HSS Inc.*, 8:14-cv-01911-JLS-RNB, 2017 U.S. Dist. LEXIS 207758, at *14 (C.D. Cal. Dec. 18, 2017); *Saldivar v. Priority One Med. Transp., Inc.*, No. CV 09-04789, 2011 U.S. Dist. LEXIS 163720, at *21-22 (C.D. Cal. Mar. 22, 2011); *In re HiEnergy Techs.*, SA CV 04-1226-VBF(JTLx), 2010 U.S. Dist. LEXIS 147929, at *5-6 (C.D. Cal. Sep. 22, 2010).

Class Members' lack of objection also supports the request for attorneys' fees, expenses, and compensatory awards to Class Plaintiffs. The Notices mailed to each potential Class Member identified the maximum amount that would be sought for each of these items, affording Class Members the opportunity to address any portion they deemed unreasonable. *See* ECF No. 173-1 at pp. 45, 49-50. As another court in this Circuit recently stated:

> The absence of any objections to the settlement also supports the award of the attorneys' fees sought in this case. The class notices specifically advised class members that class counsel would seek one-third of the fund for attorneys' fees, as well as reimbursement for any costs for litigation. No objections to the proposed settlement were received, and only three class members opted out of the settlement. Therefore, this attorneys' fee arrangement clearly appears to have the support of the class.

REPLY ISO OF MOTION FOR FINAL APPROVAL OF SETTLEMENT,
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND AWARDS

*Mathein v. Pier 1 Imps. (U.S. Remodelers,.), Inc.*, C 09-05112 JSW, 2018 U.S. Dist. LEXIS 71386, *27-28 (N.D. Cal. Aug. Apr. 27, 2018) (citations omitted).[2]

## II.     The Limited Number of Exclusions Strongly Supports Final Approval

Upon the Court granting Preliminary Approval of the Class, Class Counsel caused the Settlement Administrator to disseminate the Notice of Proposed Settlement of Class Action.  To date, only one (1) Class Member, with only 30 shares, has requested to be excluded from the Settlement.  *See* Supp. Mailing Decl., ¶ 6.  As provided in the Notice, Class Plaintiffs estimate that the Settlement covers 9,531,200 damaged shares.  Accordingly, the single exclusion represents only 0.00000315% of the shares covered by the Settlement.   That the overwhelming majority – indeed, virtually all – of eligible investors opted to remain in the Class strongly supports final approval.  *See, e.g.*, *In re Mego Financial Sec Litig*, 213 F. 3d 454, 459 (9th Cir 2000); *Rinky Dink, Inc. v. World Bus. Lenders, LLC*, No. C14-0268-JCC, 2016 U.S. Dist. LEXIS 70858, at *9-10 (W.D. Wash. May 31, 2016).

## III.    Conclusion

Accordingly, for all of the reasons stated herein, and in the Final Approval Motion and Fee Motion, the Court should enter the Revised Proposed Order and Final Judgment and the Proposed Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses.

---

[2] *See also Etter v. Allstate Ins. Co.*, No. 17-0184, 2018 U.S. Dist. LEXIS 189136, at *8 (N.D. Cal. Nov. 4, 2018) ("The absence of objections from class members further supports the reasonableness and fairness of the settlement terms."); *Acosta v. Frito-Lay, Inc.*, No. 15-2128, 2018 U.S. Dist. LEXIS 75998, *35 (N.D. Cal. May 4, 2018) ("The absence of objections or disapproval by class members to a 25 percent fee supports the finding that Plaintiffs' request is reasonable."); *Maxin v. RHG & Co.*, No. 16-2625, 2018 U.S. Dist. LEXIS 26795, *17 (S.D. Cal. Feb. 16, 2018) ("This unanimous class approval and absence of fee-specific objections weighs in favor of the Court approving the Fee Motion.").

REPLY ISO OF MOTION FOR FINAL APPROVAL OF SETTLEMENT, ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND AWARDS

3

1

2

Dated:  April 22, 2019

3

**GLANCY PRONGAY & MURRAY LLP**

4

By:  *Kara M. Wolke*

5

Robert V. Prongay
Kara M. Wolke

6

Vahe Mesropyan

7

1925 Century Park East, Suite 2100
Los Angeles, California 90067

8

Telephone: (310) 201-9150

9

E-mail: rprongay@glancylaw.com
        kwolke@glancylaw.com

10

11

*Liaison Counsel for Class Plaintiffs*

12

**POMERANTZ LLP**

13

Jennifer Pafiti (SBN 282790)

14

468 North Camden Drive
Beverly Hills, CA 90210

15

Telephone: (818) 532-6449

16

E-mail: jpafiti@pomlaw.com

17

**POMERANTZ LLP**

18

Patrick V. Dahlstrom
Joshua B. Silverman

19

Omar Jafri

20

Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603

21

Telephone: (312) 377-1181

22

E-mail: pdahlstrom@pomlaw.com
        jbsilverman@pomlaw.com

23

        ojafri@pomlaw.com

24

25

26

27

28

REPLY ISO OF MOTION FOR FINAL APPROVAL OF SETTLEMENT,
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND AWARDS

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BRAGAR EAGEL & SQUIRE P.C.**
David J. Stone (SBN 208961)
Marion C. Passmore (SBN 228474)
Melissa A. Fortunato (SBN 319767)
885 Third Avenue, Suite 3040
New York, New York 10022
Telephone: (212) 308-5858
Email: stone@bespc.com
       passmore@bespc.com
       fortunato@bespc.com

*Co-Lead Counsel for Class Plaintiffs*

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

SUNIL SUDUNAGUNTA,

   v.

NANTKWEST, INC., et al.

Case No. 16-cv-1947-MWF (JEMx)

Hon. Michael W. Fitzgerald

Class Action

**SUPPLMENTAL DECLARATION OF LUIGGY SEGURA REGARDING: (A) MAILING OF NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION, AND PROOF OF CLAIM AND RELEASE; AND (B) REQUESTS FOR EXCLUSIONS AND OBJECTIONS**

I, Luiggy Segura, declare as follows:

1.     I am a Senior Project Manager of Securities Class Actions at JND Legal Administration ("JND"). Pursuant to paragraph 5 of the Court's Proposed Order Preliminarily Approving Settlement and Providing for Notice, which was filed on January 9, 2019 (Docket ("Dkt.") No. 177, the "Preliminary Approval Order"), JND was appointed to act as the Settlement Administrator in connection with the proposed settlement of the above-captioned action ("Action").[1] I submit this Declaration as a supplement to my earlier declaration, the Declaration of Luiggy Segura Regarding: (A) Mailing of Notice of Pendency and Settlement of Class Action, and Proof of Claim and Release; (B) Publication of Summary Notice of Class Action; and (C) Report on Requests for Exclusions and Objections Received to Date, dated April 3, 2019, ECF No. 184-1 (the "Initial Mailing Declaration"). The following statements are based on my personal knowledge and information provided to me by other experienced JND employees, and, if called as a witness, I could and would testify competently thereto.

---

[1] Unless otherwise stated, all capitalized terms used herein have the same definitions as assigned in the Preliminary Approval Order or Stipulation of Settlement, dated October 31, 2018 (Dkt. No. 173-1) ("Stipulation").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONTINUED DISSEMINATION OF THE NOTICE PACKET

2.    Since the execution of the Initial Mailing Declaration, JND has not received any additional Notice Packet requests.  Through April 18, 2019, JND has disseminated an aggregate of 25,375 Notice Packets to potential Settlement Class Members and nominees.

## UPDATE ON CALL CENTER SERVICES AND SETTLEMENT WEBSITE

3.    JND continues to maintain the toll-free telephone number (1-888-663-1726) and Interactive Voice Recording ("IVR") to accommodate potential Settlement Class Members. Through April 18, 2019, there have been a total of 172 calls to the toll-free telephone number. JND has promptly responded to each telephone inquiry and will continue to address potential Class Members' inquiries.

4.    JND also continues to maintain the website dedicated to the Settlement, www.NantKwestSecuritiesLitigation.com (the "Settlement Website") to assist potential Class Members.  Through April 18, 2019, the Settlement Website has received 2,005 visits.  The website will continue to be updated with relevant case information and court documents.

## REPORT ON OBJECTIONS AND
## EXCLUSION REQUESTS RECEIVED TO DATE

5.    The Notice informs potential Class Members that requests for exclusion from the Class are to be addressed to NantKwest Securities Litigation, c/o JND Legal Administration, P.O. Box 91230, Seattle, Washington, 98111, such that they were postmarked no later than April 15, 2019.

6.    Through April 18, 2019, JND has received 1 request for exclusion. Attached hereto as Exhibit A is the request for exclusion.

7.    The Notice informs potential Class Members that objections from the Class were to be addressed to each counsel of record.

8.      Through April 18, 2019, JND has not received, from counsel or otherwise, a single

objection to the Settlement, any part of the Settlement, or Class Counsel's motion for attorneys'

fees and expenses, and application for awards to Class Plaintiffs.  The deadline to file objections

was also April 15, 2019.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on April 19, 2019.

Luiggy Segura

# EXHIBIT A

April 12, 2019

To:

NantKwest Securities Litigation – Exclusion

c/o JND Legal Administration

P.O. Box 91230

Seattle, WA  98111



From:

Robert Dean Ehlen


Napa, CA 94558-3046


Litigation Administrator,

I, Robert Dean Ehlen, am requesting exclusion from the class in the matter of SUNIL SUDUNAGUNTA v. NANTKWEST, INC., et al.


Purchase transaction as follows:

July, 28 2015 NANTKWEST common stock 30 shares value approximate $1037.00 dollars.

No additional purchases of NANTKWEST stock.


Sell transaction as follows:

No sell transactions as of April, 12 2019.


Thank you,

*Robert Dean Ehlen*

Robert Dean Ehlen

OAKLAND CA 945

13 APR 2019 PM 4 L

Robert Dean Ehlen
Napa, CA 94558-3046

Nant Kwest Securities Litigation - Ehlmann
C/o JND Legal Administration
P.O. Box 91230
Seattle WA 98111

98111-933030

APR 18 2019

# EXHIBIT 2

1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

10

11

12

| | |
|---|---|
| SUNIL SUDUNAGUNTA<br><br>v.<br><br>NANTKWEST, INC., PATRICK SOON-SHIONG, RICHARD GOMBERG, BARRY J. SIMON, STEVE GORLIN, MICHAEL D. BLASZYK, HENRY JI, RICHARD KUSSEROW, JOHN T. POTTS, JR., ROBERT ROSEN, JOHN C. THOMAS JR., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., CITIGROUP GLOBAL MARKETS INC., JEFFERIES LLC, PIPER JAFFRAY & CO., and MLV & CO., LLC., | Case No. 16-cv-01947-MWF-JEM<br><br>Consolidated with<br>2:16-cv-3438-MWF-JEM<br><br><u>CLASS ACTION</u><br><br>**[PROPOSED] JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:     April 29, 2019<br>Time:    10:00 a.m.<br>Before:  Hon. Michael Fitzgerald<br>Courtroom:  5A |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WHEREAS, the Court is advised that the Parties,[1] through their counsel, have agreed, subject to Court approval following notice to the Class and hearings, to settle the Actions upon the terms and conditions set forth in the Stipulation of Settlement dated October 31, 2018 (the "Stipulation"), which was filed with the Court; and

WHEREAS, on January 9, 2019, the Court entered its Order Preliminarily Approving Settlement and Providing for Notice, which preliminarily approved the Settlement, and approved the form and manner of notice to the Class of the Settlement, and said notice having been issued, and the fairness hearing having been held;

NOW, THEREFORE, based upon the Stipulation and all of the filings, records, and proceedings herein, and it appearing to the Court upon examination that the Settlement set forth in the Stipulation is fair, reasonable, and adequate, and upon a Settlement Final Approval Hearing having been held after notice to the Class of the Settlement to determine if the Settlement is fair, reasonable, and adequate and whether the Judgment should be entered in this Action;

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A.      The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

B.      This Court has jurisdiction of the subject matter of this Action and over all of the Parties and all members of the Class.

D.      The form, content, and method of dissemination of notice given to the Class was adequate and reasonable and constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort.

---

[1] As used herein, the term "Parties" refers to Donald Hu and Brayton Li ("Class Plaintiffs") and Defendants NantKwest, Inc. ("NantKwest"), Patrick Soon-Shiong, Richard Gomberg, Barry J. Simon, Steve Gorlin, Michael D. Blaszyk, Henry Ji, Richard Kusserow, John T. Potts, Jr., Robert Rosen, and John C. Thomas Jr., Merrill Lynch, Pierce, Fenner & Smith, Incorporated, Citigroup Global Markets Inc., Jefferies LLC, Piper Jaffray & Co., and MLV & Co., LLC.

1

E.      Notice, as given, complied with the requirements of the Federal Rules of Civil Procedure, satisfied the requirements of due process, as well as the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78-u4(a)(7), and constituted due and sufficient notice of the matters set forth herein.  The Court finds that a full opportunity has been afforded to Class Members to object to the Settlement and/or to participate in the Final Approval Hearing.  Furthermore, the Court hereby affirms that due and sufficient notice has been given to the appropriate State and Federal officials pursuant to the Class Action Fairness Act, 28 U.S.C § 1715.

F.      The Settlement set forth in the Stipulation is fair, reasonable, and adequate. In making this determination, the Court has considered factors with respect to fairness, which include "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity and likely duration of further litigation; (3) the risk of maintaining class action status throughout trial; (4) the amount offered in settlement; (5) the extent of discovery completed; (6) the experience and views of counsel; (7) the presence of a governmental participant; (8) the reaction of the class members to the proposed settlement; and (9) the absence of collusion in the settlement procedure." *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

(i)      The Settlement was vigorously negotiated at arm's length by Class Plaintiffs on behalf of the Class and by Defendants, all of whom were represented by highly experienced and skilled counsel.  The case settled only after: (a) a mediation conducted by an experienced mediator who was thoroughly familiar with this litigation; (b) the exchange of detailed mediation statements prior to the mediation which highlighted the factual and legal issues in dispute; (c) extensive paper and deposition discovery; and (d) class certification.  Accordingly, both Class Plaintiffs and Defendants were well-positioned to evaluate the Settlement value of this Action.  The Stipulation has been entered into in good faith and is not collusive.

JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT                                    Case No. 16-cv-01947-MWF-JEM

    (ii) If the Settlement had not been achieved, both Class Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation.  The Court takes no position on the merits of either Class Plaintiffs' or Defendants' arguments, but notes these arguments as evidence in support of the reasonableness of the Settlement.

  G. Class Plaintiffs and Class Counsel have fairly and adequately represented the interest of the Class Members in connection with the Settlement.

  H. Class Plaintiffs, all Class Members, and Defendants are hereby bound by the terms of the Settlement set forth in the Stipulation.

**IT IS HEREBY ORDERED THAT:**

  1. The Settlement on the terms set forth in the Stipulation is finally approved as fair, reasonable, and adequate.  The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.  The Parties are to bear their own costs and attorneys' fees, except as otherwise provided in the Stipulation and, as among Defendants, as governed by any contract existing between or among two or more Defendants.

  2. All Released Parties as defined in the Stipulation are released in accordance with, and as defined in, the Stipulation.

  Upon the Effective Date, Class Plaintiffs and each Class Member shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, whether or not such Class Member executes and delivers a Proof of Claim and Release.  Nothing contained herein shall, however, bar any action or claim to enforce the terms of the Stipulation or this Judgment.

  3. Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released Plaintiffs and Class Counsel from any claim related to this Action or the prosecution

1  thereof.  Nothing contained herein shall, however, bar any action or claim to enforce the

2  terms of the Stipulation or this Judgment.

3      4.      Upon the Effective Date, in accordance with 15 U.S.C. § 78u-4(f)(7)(A), all

4  Persons shall be enjoined and barred from commencing or continuing any claim, cross-

5  claim, third-party claim, claim over, or action in any forum against the Released Parties,

6  seeking, as damages, indemnity, contribution, or otherwise, the recovery of all or part of

7  any liability or settlement which such persons (i) paid, (ii) were obligated to pay or

8  agreed to pay, or (iii) may become obligated to pay to the Settlement Class, as a result of

9  such persons' liability for or participation in any acts, facts, statements or omissions that

10  were or could have been alleged in the Action.  Further, upon the Effective Date,

11  NantKwest and the Individual Defendants shall be enjoined and barred from

12  commencing or continuing any claim, cross-claim, third-party claim, claim over, or

13  action in any forum against the Underwriter Defendants, seeking, as damages, indemnity,

14  contribution, or otherwise, the recovery of all or part of any sum (including but not

15  limited to attorneys' fees) that NantKwest or any Individual Defendant paid, was

16  obligated to pay or agreed to pay, or may become obligated to pay, arising from the

17  Action.  Notwithstanding the foregoing, nothing herein shall affect other obligations or

18  claims between or among the Released Parties, including any contractual obligations

19  NantKwest may have to pay or reimburse defense costs (including reasonable attorneys'

20  fees) incurred in the Action by the Underwriter Defendants, or claims, cross-claims,

21  third-party claims, claims over, or actions based on any such obligations.

22      5.      All Class Members who have not made their objections to the Settlement, or

23  any aspect thereof (including Plaintiffs' application for an award of attorneys' fees and

24  for reimbursement of their out-of-pocket costs incurred in the prosecution of the Action

25  (the "Fee Request")), in the manner provided in the Notice are deemed to have waived

26  any objections by appeal, collateral attack, or otherwise.

27

28

4

JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION
SETTLEMENT                                    Case No. 16-cv-01947-MWF-JEM

6.      All Class Members who have failed to properly file requests for exclusion (requests to opt out) from the Class are bound by the terms and conditions of the Stipulation and this Final Judgment.

7.      The request for exclusion identified in Exhibit A to this Judgment is accepted by the Court.

8.      All other provisions of the Stipulation are incorporated into this Judgment as if fully set forth herein.  To the extent that the terms of this Judgment conflict with the terms of the Stipulation, the Stipulation shall control.

9.      Plaintiffs are hereby barred and enjoined from instituting, commencing, maintaining, or prosecuting in any court or tribunal any of the Released Claims against any of the Released Parties.

10.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be, or may be used as, a presumption, concession, or admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of the Defendants or any of the Released Parties; or (b) is or may be deemed to be, or may be used, as a presumption, concession, or admission of, or evidence of, any fault or omission of any of the Defendants or any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed to be an admission or evidence that any claims asserted by Class Plaintiffs lacked merit in any civil, criminal or administrative proceeding.  Defendants and the Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT                                        Case No. 16-cv-01947-MWF-JEM

11.     Pursuant to, and in full compliance with, the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to all Persons and entities who are Class Members advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to all Persons and entities who are Class Members to be heard with respect to the Plan of Allocation.

12.     The Court hereby finds and concludes that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice of Proposed Settlement of Class Actions sent to Class Members, provides a fair and reasonable basis upon which to allocate the net proceeds of the Settlement among Class Members, with due consideration having been given to administrative convenience and necessity.

13.     A separate order shall be entered regarding Class Counsel's Fee and Expense Application and any Compensatory Award Application.  The finality of this Judgment shall not be affected, in any manner, by rulings that the Court may make on the Fee and Expense Application, or any Compensatory Award Application.

14.     In the event that the Stipulation is terminated in accordance with its terms: (i) this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*; and (ii) the Action shall proceed as provided in the Stipulation.

15.     Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and expenses in the Action; and (d) all Parties hereto for the purpose of construing, enforcing, and administrating the Stipulation.

JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT                                    Case No. 16-cv-01947-MWF-JEM

16.     The Court finds and concludes that during the course of this Action, the Defendants, Defendants' Counsel, Class Plaintiffs and Class Counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.  No Party or their respective counsel violated any of the requirements of Rule 11 of the Federal Rules of Civil Procedure with respect to any of the complaints filed in this Action, any responsive pleadings to any of the above complaints or any motion with respect to any of the above complaints.

IT IS SO ORDERED.

Dated:  _____          _____

                                                    HONORABLE MICHAEL W. FITZGERALD
                                                    UNITED STATES DISTRICT JUDGE

JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT                                Case No. 16-cv-01947-MWF-JEM

# Exhibit A

*Sunil Sudunagunta v. Nantkwest, Inc. et al*, **Case No. 2:16-cv-01947-MWF-JEM (C.D. Cal.)**
**<u>Exclusion Report</u>**

| Exclusion | Name | Date | City | State | Number of Shares |
|---|---|---|---|---|---|
| 1. | Robert Dean Ehlen | 4/12/2019 | Napa | CA | Purchased 30 shares on 7/28/2015 |

**<u>PROOF OF SERVICE BY ELECTRONIC POSTING</u>**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old.  On April 22, 2019, I served true and correct copies of the following document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 22, 2019, at Los Angeles, California.


                                        *s/ Kara M. Wolke*
                                        Kara M. Wolke