UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 16-1947-MWF (JEMx)                    **Date:** May 13, 2019
**Title:**      Sunil Sudunagunta v. Nantkwest, Inc., et al.

**Present:**   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

        Deputy Clerk:                              Court Reporter:
        Rita Sanchez                               Not Reported

        Attorneys Present for Plaintiff:           Attorneys Present for Defendant:
        None Present                               None Present

**Proceedings (In Chambers):**   ORDER RE: MOTION FOR FINAL APPROVAL OF
                                 CLASS ACTION SETTLEMENT AND PLAN
                                 ALLOCATION [180]; MOTION FOR AWARD OF
                                 ATTORNEY'S FEES, REIMBURSEMENT OF
                                 LITIGATION EXPENSES, AND PLAINTIFFS'
                                 AWARDS [182]

        Before the Court are two motions by Plaintiffs. First, there is the Motion for
Final Approval of Class Action Settlement and Plan Allocation (the "Settlement
Motion"), filed on April 8, 2019. (Docket No. 180). Second, there is the Motion for
Attorneys' Fees, Reimbursement of Litigation Expenses, and Plaintiffs' Awards (the
"Fee Motion"), filed on April 8, 2019. (Docket No. 182). A Reply to both Motions
was filed on April 22, 2019. (Docket No. 185).

        No opposition to either Motion was filed. Furthermore, only one class member
with only 30 shares has requested to be excluded from the settlement.

        The Court has read and considered the papers in connection with the two
Motions and held a hearing on April 29, 2019.

        For the reasons discussed below, the Motions are ruled upon as follows:

- The Settlement Motion is **GRANTED**. The Agreement is fair, reasonable, and
  adequate to serve the interests of the class members; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-1947-MWF (JEMx)                    Date:  May 13, 2019
Title:       Sunil Sudunagunta v. Nantkwest, Inc., et al.

- The Fee Motion is **GRANTED**.  The requested attorneys' fees and costs are fair
  compensation for Class Counsel's efforts and reimbursement for their expenses
  and the incentive award requested is reasonable.

## I.    BACKGROUND

### A.    Factual and Procedural Background

The Court previously discussed the following factual and procedural background
to this action in an Order preliminarily approving the settlement.  (*See generally*
"Preliminary Approval Order" (Docket No. 177)).

This security class action was initiated on March 22, 2016.  (*See* Complaint
(Docket No. 1)).  In June 2016, the action was consolidated with several related
actions, Donald Hu and Brayton Li were appointed to serve as Lead Plaintiffs
(hereinafter, "Plaintiffs"), and Plaintiffs' selection of counsel was approved.  (Docket
Nos. 33, 34).  The Consolidated Fourth Amended Complaint ("CFAC") was filed on
August 24, 2018. (Docket No. 162).  Defendants' Answers were filed on September 7,
2018.  (Docket Nos. 163, 166).

The Court's Order on August 13, 2018, granting Plaintiffs' class certification
motion, contained a detailed explanation of the relevant facts as laid out in the
Consolidated Third Amended Complaint.  (*See* "August 13 Order" (Docket No. 160)).
The following section is substantially similar but has been updated to reflect relevant
citations to the CFAC as the operative complaint.

Based on the allegations in the CFAC:

NantKwest (the "Company") is a development-stage immunotherapy company
that attempts to harness "natural killer" cells generated by the human immune system
to treat cancer, infectious diseases, and inflammatory disease.  (CFAC ¶ 2).   In
December 2014, an investment vehicle owned by Defendant Dr. Patrick Soon-Shiong
bought a majority stake in NantKwest, and another pharmaceutical company controlled
by Dr. Soon-Shiong bought additional shares.  (*Id.* ¶¶ 44, 46).  Dr. Soon-Shiong was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-1947-MWF (JEMx)                Date:  May 13, 2019
Title:        Sunil Sudunagunta v. Nantkwest, Inc., et al.

then appointed Director, Co-Chairman, and Chief Medical Officer, and his business partner, Defendant Henry Ji, was made a Director.  (*Id.* ¶¶ 45-47).

In March 2015, NantKwest's Board appointed Dr. Soon-Shiong CEO, and passed a resolution authorizing the Company to issue warrants to Dr. Soon-Shiong to purchase 17,589,250 shares for $2 per share (split-adjusted).  (*Id.* ¶¶ 47, 49).  The warrant terms were modified on May 8, 2015.  (*Id.* ¶ 51).  Under the modified terms, warrants for 8,331,750 shares would vest when a large pharmaceutical or biotech company (a "Strategic Partner") invested at least $20 million in NantKwest at a minimum valuation of $1.5 billion.  (*Id.* ¶¶ 49, 51).  At the time they agreed to this condition, Dr. Soon-Shiong and other NantKwest Defendants allegedly already knew that the biotech company Celgene, in which Dr. Soon-Shiong was the largest individual investor, was likely to make a Strategic Partner investment in NantKwest such that the warrants would vest.  (*Id.* ¶¶ 37-42).

On July 28, 2015, NantKwest conducted its IPO, offering 9,531,200 shares of its common stock at $25.00 per share.  (*Id.* ¶ 7).  In connection with the IPO, NantKwest filed a Registration Statement, including a Prospectus, with the Securities Exchange Commission.  (*Id.*).  The IPO raised over $225 million.  (*Id.* ¶ 89).

Because the Strategic Partner warrant condition was probable as of the grant date of May 8, 2015, NantKwest should have recorded $114,561,562 in executive compensation expense in the second quarter of 2015.  However, the Registration Statement did not mention it.  (*Id.* ¶¶ 74-89).

Plaintiffs likewise allege that the Registration Statement omitted any mention of a related-party lease agreement between NantKwest and NantWorks, another Soon-Shiong entity, for which NantKwest assumed millions of dollars of liability prior to the IPO.  (*Id.* ¶ 56).  The Registration Statement also misrepresented the extent of material weaknesses in NantKwest's internal controls.  (*Id.* ¶¶ 86-88).

On April 2, 2018, Plaintiffs filed a Motion to Certify Class.  (Docket No. 140).  On August 13, 2018, the Court granted the motion and certified the following class:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 16-1947-MWF (JEMx)                  Date:  May 13, 2019**
**Title:        Sunil Sudunagunta v. Nantkwest, Inc., et al.**

> All persons who purchased or otherwise acquired NantKwest, Inc.
> ("NantKwest" or the "Company") common stock in or traceable to
> NantKwest's July 27, 2015 initial public offering ("IPO").  Excluded from
> the Class are anyone named as a defendant in this litigation, the present
> and former officers and directors of NantKwest and any subsidiary
> thereof, members of their immediate families and their legal
> representatives, heirs, successors or assigns and any entity in which any
> defendant (or combination of defendants) have or had a controlling
> interest.

 (August 13 Order).

Between March and September 2018, the parties engaged in settlement
negotiations and a mediation session before mediator Robert Meyer, Esq.  (Settlement
Mot. at 5).  The parties accepted the mediator's proposal recommending a settlement
amount of $12 million on September 14, 2018.  (*Id.* at 5-6).  The parties executed a
binding Memorandum of Understanding on September 25, 2018.  (*Id.* at 6).
Finalization of the settlement terms were embodied in a stipulation executed on
October 31, 2018.  (*Id.*).

On January 9, 2019, the Court preliminarily approved the parties' settlement and
the form and manner of dissemination of the notice of settlement to the class.  (*See
generally* Preliminary Approval Order).

### B.      The Settlement Agreement

The settlement agreement (the "Settlement" or "Agreement") is attached to the
Declaration of David J. Stone in Support of Motion for Preliminary Approval of Class
Action Settlement and Notice to the Settlement Class ("Stone Decl.") as Exhibit 1.
(Docket No. 173-1).

The Agreement establishes a fund of $12 million for payment of attorneys' fees,
taxes and tax expenses, notice and administration expenses, litigation expenses, and
incentive awards to Plaintiffs, with the remainder reserved for payment of settlement

---

**CIVIL MINUTES—GENERAL                                                    4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-1947-MWF (JEMx)                    Date:  May 13, 2019
Title:       Sunil Sudunagunta v. Nantkwest, Inc., et al.

class members' claims.  (Preliminary Approval Order at 4).  Specifically, Plaintiffs
request that $3 million (or 25% of the settlement fund) be used to pay attorneys' fees;
$177,408.07 to pay litigation expenses; and $15,000 to pay incentive awards to
Plaintiffs.  (*Id.* at 1).  Accounting for these various payments, the remainder of the
funds is $8,807,591.93.

Notice was provided to settlement class members in the manner approved by the
Court in the Preliminary Approval Order.  The claims administrator, JND Legal
Administration ("JND"), mailed a "Notice Packet" to all class members who could be
identified with reasonable effort.  (Declaration of Luiggy Segura ("Segura Decl.")
¶¶ 3-6 (184-1)).  The Notice Packet contained (1) the reasons for and material terms of
the Settlement; (2) informed class members that they may appear through counsel; (3)
the time and manner for requesting an exclusion; (4) a statement of recovery; (5) the
date, time, and place of the settlement hearing; (6) information about the proposed
attorneys' fees and costs; and (7) the identity and contact information of the
representatives of Class Counsel and procedures for making inquiries.  (Settlement
Mot. at 7-8; Segura Decl., Ex. A).  JND sent out 25,375 Notice Packets as of April 2,
2019.  (Segura Decl. ¶ 11).

## II.   DISCUSSION

Plaintiffs seek final approval of the Agreement and incentive awards totaling
$15,000.  (Settlement Mot. at 9-21; Fee Mot. at 14-15).  Class Counsel seek fees in the
amount of $3 million or 25% of the settlement fund, and reimbursement of expenses
incurred in the amount of $177,408.07.  (Fee Mot. at 5-13).

### A.   Final Approval of Class Action

Before approving a class action settlement, Rule 23 of the Federal Rules of Civil
Procedure requires the Court to determine whether the proposed settlement is fair,
reasonable, and adequate.  Fed. R. Civ. P. 23(e)(2).  "To determine whether a
settlement agreement meets these standards, a district court must consider a number of
factors, including: (1) the strength of plaintiffs' case; (2) the risk, expense, complexity,
and likely duration of further litigation; (3) the risk of maintaining class action status

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-1947-MWF (JEMx)                    Date:  May 13, 2019
Title:       Sunil Sudunagunta v. Nantkwest, Inc., et al.

throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery
completed, and the stage of the proceedings; (6) the experience and views of counsel;
(7) the presence of a governmental participant; and (8) the reaction of the class
members to the proposed settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th
Cir. 2003) (internal citation and quotation marks omitted) (applying the factors
announced in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

"The relative degree of importance to be attached to any particular factor will
depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of
relief sought, and the unique facts and circumstances presented by each individual
case." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).
"It is the settlement taken as a whole, rather than the individual component parts, that
must be examined for overall fairness, and the settlement must stand or fall in its
entirety." *Staton*, 327 F.3d at 960 (quoting *Hanlon*, 150 F.3d at 1026). "The
involvement of experienced class action counsel and the fact that the settlement
agreement was reached in arm's length negotiations, after relevant discovery had taken
place create a presumption that the agreement is fair." *Linney v. Cellular Alaska
P'ship*, Nos. C–96–3008 DLJ, C–97–0203 DLJ, C–97–0425 DLJ, C–97–0457 DLJ,
1997 WL 450064, *5 (N.D. Cal. July 18, 1997), *aff'd*, 151 F.3d 1234, 1234 (9th Cir.
1998).

"In addition, the settlement may not be the product of collusion among the
negotiating parties." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir.
2000).

Here, the Court is satisfied that the Agreement is not the product of collusion
between the parties.  The Agreement is the outcome of an arms-length negotiation
conducted with the help of an experienced mediator, Robert Meyer, Esq.  (Settlement
Mot. at 5).  "The assistance of an experienced mediator in the settlement process
confirms that the settlement is non-collusive." *Satchell v. Fed. Express Corp.*, No. 03-
cv-2878-SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007).  Moreover, Class
Counsel have extensive experience in securities fraud litigation and class actions.
(Preliminary Approval Order at 7).  For instance, Bragar Eagel & Squire, P.C. has

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 16-1947-MWF (JEMx)                Date:  May 13, 2019**
**Title:        Sunil Sudunagunta v. Nantkwest, Inc., et al.**

served as lead and co-lead counsel in numerous class actions in state and federal
courts.  (*Id.*).  The arms-length nature of the negotiation resulting in the Agreement and
the recommendation of experienced class action counsel supports final approval.  *See*
*Linney*, 1997 WL 450064, at *5.

Moreover, consideration of the *Hanlon* factors dictates final approval of the
proposed settlement:

> **1.        Strength of Plaintiffs' case and risk, expense, complexity, and**
> **likely duration of further litigation**

When assessing the strength of a plaintiff's case, the Court does not reach "any
ultimate conclusions regarding the contested issues of fact and law that underlie the
merits of this litigation."  *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp.
1379, 1388 (D. Ariz. 1989).

Plaintiffs acknowledge that, despite the strength of their case, "the propriety and
materiality of alleged accounting manipulations that form the basis of this lawsuit
could be subject to differing interpretations by relevant experts and would present
difficult issues for the finder of fact" and "the risks and uncertainty with respect to
continuing class action status supports approval of the Settlement."  (Settlement Mot.
at 14-15 (internal quotation marks and citation omitted)).  Plaintiffs additionally point
out that Defendants would most likely argue negative causation, a statutory defense
under Section 11 of the Securities Act, that would possibly limit recovery to the class.
(*Id.* at 14).  If the parties were to proceed with further litigation, Plaintiffs acknowledge
that there is a risk that the class as a whole might not recover anything.  (*Id.*).
Moreover, significant party and judicial resources would be expended in further
deposition and expert discovery, motion practice, trial, and potentially appeals
following trial.

Accordingly, this factor weighs in favor of final approval of the Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-1947-MWF (JEMx)                    Date:  May 13, 2019
Title:        Sunil Sudunagunta v. Nantkwest, Inc., et al.

### 2.        Amount offered in the Agreement

The Court concludes the $12 million offered in the Agreement is fair and reasonable.  The Court looks at "the complete package taken as a whole, rather than the individual component parts" in making this determination.  *Officers for Justice*, 688 F.2d at 628.  After deducting administration costs, attorneys' fees and expenses, and the proposed incentive awards, the class members will collectively receive at least $8,807,591.93 of these available funds.

As the Court noted in the Preliminary Approval Order, a recovery of approximately $0.916 per share appears fair and reasonable when considered in light of the negative causation defenses Defendants would raise at trial.  (Preliminary Approval Order at 8).  If this litigation were to continue, Plaintiffs may not prevail on all claims and overcome all defenses and the aggregate recoverable damages may be significantly less than $8,807,591.93.  Moreover, continued litigation would result in considerable additional expenses.

Accordingly, this factor also weighs in favor of final settlement approval.

### 3.        Extent of discovery completed and stage of the proceedings

This factor requires the Court to evaluate whether "the parties have sufficient information to make an informed decision about settlement."  *Linney*, 151 F.3d at 1239.  Plaintiffs contend that the parties have engaged in significant discovery, including review and analysis of over 140,000 pages of documents produced by Defendants and third parties and preparing for and taking and/or defending seven depositions.  (Settlement Mot. at 18).  The parties have also engaged in extensive adversarial motion practice, including motions to dismiss and class certification.  (*Id.*). The Court concludes the parties had ample information with which to make informed settlement decisions.  Accordingly, this factor weighs in favor of final settlement approval.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-1947-MWF (JEMx)                    Date:  May 13, 2019
Title:       Sunil Sudunagunta v. Nantkwest, Inc., et al.

### 4.    Experience and views of counsel

Class Counsel have extensive experience litigating securities class actions.  (*Id.*
at 18-19).  Counsel "view the Settlement to be fair, reasonable, adequate, and in the
best interests of the Settlement Class[.]"  (*Id.* at 19).  Further, Counsel have conducted
detailed discovery in this action, filed numerous motions for Plaintiffs and the class,
and engaged in extensive mediated negotiations before ultimately reaching and
recommending this Agreement.  (*Id.* at 12-18).

Accordingly, this factor weighs in favor of final settlement approval.

### 5.    Reaction of the class members to the Agreement

JND, the claims administrator, has received no objections to the Agreement.  (*Id.*
at 19; Reply at 2).  Plaintiffs explain that, as of April 22, 2019, only one class member
with only 30 shares has requested to be excluded from the settlement.  (Reply at 3).

 "It is established that the absence of a large number of objections to a proposed
class action settlement raises a strong presumption that the terms of a proposed class
settlement action are favorable to the class members."  *Nat'l Rural Telecomm'cns
Coop. v. DIRECTV, Inc*., 221 F.R.D. 523, 528-29 (C.D. Cal. 2004); *see also Churchill
Village LLC v. Gen. Elec*., 361 F.3d 566, 577 (9th Cir. 2004) (affirming settlement
with 45 objections out of 90,000 notices sent).

Accordingly, this factor also weighs in favor of final settlement approval.

### B.    <u>Attorneys' Fees</u>

In the Ninth Circuit, there are two primary methods to calculate attorneys' fees:
the lodestar method and the percentage-of-recovery method.  *In re Online DVD-Rental
Antitrust Litig*., 779 F.3d 934, 949 (9th Cir. 2015) (citation omitted).  "The lodestar
method requires 'multiplying the number of hours the prevailing party reasonably
expended on the litigation (as supported by adequate documentation) by a reasonable
hourly rate for the region and for the experience of the lawyer.'"  *Id.* (citation omitted).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-1947-MWF (JEMx)                    Date:  May 13, 2019
Title:      Sunil Sudunagunta v. Nantkwest, Inc., et al.

"Under the percentage-of-recovery method, the attorneys' fees equal some
percentage of the common settlement fund; in this circuit, the benchmark percentage is
25%."  *Id.* (citation omitted).  However, the "benchmark percentage should be
adjusted, or replaced by a lodestar calculation, when special circumstances indicate
that the percentage recovery would be either too small or too large in light of the hours
devoted to the case or other relevant factors."  *Six Mexican Workers v. Ariz. Citrus
Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).  "The Ninth Circuit has identified a
number of factors that may be relevant in determining if the award is reasonable:
(1) the results achieved; (2) the risks of litigation; (3) the skill required and the quality
of work; (4) the contingent nature of the fee; (5) the burdens carried by class counsel;
and (6) the awards made in similar cases."  *Martin v. Ameripride Services, Inc.*, No.
08-cv-440-MMA, 2011 WL 2313604, at *8 (S.D. Cal. June 9, 2011) (citing *Vizcaino v.
Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002)).  The choice of "the
benchmark or any other rate must be supported by findings that take into account all of
the circumstances of the case."  *Vizcaino*, 290 F.3d at 1048.

Counsel seeks fees in the amount of $3 million, or 25% of the $12 million
settlement fund.  (Fee Mot. at 1).  The Court sees no reason to depart from the Ninth
Circuit's 25% benchmark.  This fee amount is reasonable and fair, especially
considering the high recovery of $12 million.

Continued litigation carries the risk for the class of an inferior award or nothing.
Maintaining class action status, as well as ultimately obtaining a finding of liability,
remains uncertain.  (Settlement Mot. at 14-15).  Counsel exercised considerable skill in
the litigation of the motion for class certification, dispositive motions to dismiss, and
substantial discovery, and they did so against experienced, highly skilled opposing
counsel and on an entirely contingent basis.  (Fee Mot. at 7-10).

The Court notes further that class members were notified that Counsel would
seek fees of up to 25% of the settlement amount, and that no class member has
objected to the requested fee.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-1947-MWF (JEMx)                Date:  May 13, 2019
Title:        Sunil Sudunagunta v. Nantkwest, Inc., et al.

Accordingly, the Court concludes that Counsel's request for attorneys' fees is reasonable.

### C.    Reimbursement of Litigation Expenses

Counsel next seeks reimbursement of litigation expenses in the amount of $177,408.07.  (*Id.* at 12).

Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters.  *See Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).

Counsel provides a detailed breakdown of costs.  (*See* Litigation Expense Reports (Docket Nos. 184-5, 184-6, 184-7)).  The bulk of the costs—or $93,967.90—relates to three categories: (1) maintenance of an eDiscovery database totaling $22,435.71; (2) fees relating to expert consultants totaling $62,902.19; and (3) investigator fees totaling $8,630.00.  (*Id.*).  The remaining costs relate to necessary travel, filing and service fees, document storage and maintenance fees, printing fees, and other similar costs.  (*Id.*).  Attorneys routinely bill clients for such expenses, and it is therefore appropriate to allow counsel to recover these costs from the settlement fund.

Class members were also notified that Counsel would seek reimbursement of litigation expenses up to $250,000.00, a request to which no class member objected. (Fee Mot. at 12).  Indeed, Counsel's costs are significantly less than identified in the Notice.

Accordingly, the Court concludes that Counsel's request for litigation expenses is fair and reasonable.

### D.    Incentive Awards

Plaintiffs also seek incentive awards totaling $15,000—$7,500 each for Class Plaintiffs.  (*Id.* at 14).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV 16-1947-MWF (JEMx)**                    **Date:  May 13, 2019**
**Title:**        Sunil Sudunagunta v. Nantkwest, Inc., et al.

"[N]amed plaintiffs . . . are eligible for reasonable incentive payments" as part of a class action settlement.  *Staton*, 327 F.3d at 977.  When evaluating the reasonableness of an incentive award, courts may consider factors such as "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation."  *Id.*

The Fee Motion notes that the incentive awards are appropriate here because each Class Plaintiff met with Counsel to prepare for a deposition and sat for a deposition, produced documents in response to Defendants' discovery requests, responded to interrogatories, and communicated with Counsel about the action and helped evaluate settlement proposals.  (Fee Mot. at 14).

The Court's independent search reveals that incentive awards of up to $7,500 have been found to be reasonable.  *See, e.g.*, *In re Veritas Software Corp. Sec. Litig.*, 396 Fed. App'x 815, 816 (3d Cir. 2010) ($15,000 for each lead plaintiff); *Buccellato v. AT&T Operations, Inc.*, No. 10-0463-LHK, 2011 U.S. Dist. LEXIS 85699, at *7 (N.D. Cal. Jun. 30, 2011) ($20,000 to lead plaintiff, $5,000 to class representatives); *In re Quintus Sec. Litig.*, No. C-00-4263 VRW, 2006 WL 3507936, at *4 (N.D. Cal. Dec. 5, 2006) (awarding $12,000 to individual lead plaintiff).

In light of the significant time and effort Plaintiffs expended in this action and caselaw supporting up to $7,500 incentive awards, the Court finds the award of $15,000 appropriate.

## III.  <u>CONCLUSION</u>

For the reasons discussed above, both the Settlement Motion and the Fee Motion are **GRANTED**.

The Court awards counsel $3 million in fees and $177,408.07 in costs, to be paid from the settlement fund.  The Court also awards Plaintiffs incentive awards totaling $15,000.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 16-1947-MWF (JEMx)**            **Date:  May 13, 2019**
Title:       Sunil Sudunagunta v. Nantkwest, Inc., et al.

A separate judgment will issue.

IT IS SO ORDERED.