# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNIL SUDUNAGUNTA<br><br>v.<br><br>NANTKWEST, INC., PATRICK SOON-SHIONG, RICHARD GOMBERG, BARRY J. SIMON, STEVE GORLIN, MICHAEL D. BLASZYK, HENRY JI, RICHARD KUSSEROW, JOHN T. POTTS, JR., ROBERT ROSEN, JOHN C. THOMAS JR., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., CITIGROUP GLOBAL MARKETS INC., JEFFERIES LLC, PIPER JAFFRAY & CO., and MLV & CO., LLC., | Case No. 16-cv-01947-MWF-JEM<br><br>Consolidated with<br>2:16-cv-3438-MWF-JEM<br><br>**JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES** |

The Motion for Final Approval of Class Action Settlement and Plan Allocation (the "Settlement Motion") and the Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Plaintiffs' Awards (the "Fee Motion"), filed by Plaintiffs Donald Hu and Brayton Li ("Plaintiffs"), came regularly for hearing before this Court on April 29, 2019. After consideration of all the papers filed in connection therewith, the arguments of counsel, and all other

matters presented to the Court, and good cause appearing therefore, the two motions are **GRANTED** and,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Stipulation of Settlement dated October 31, 2018 (the "Stipulation" or "Settlement Agreement") and any exhibits thereto shall be incorporated into this Order as though all terms therein are set forth in full. The capitalized terms in this Order shall have the same force and effect as the terms defined in the Settlement Agreement.

2. This Court has jurisdiction of the subject matter of this Action and over all of the Parties and all members of the Class.

3. The form, content, and method of dissemination of notice given to the Class was adequate and reasonable and constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort.

4. Notice, as given, complied with the requirements of the Federal Rules of Civil Procedure, satisfied the requirements of due process, as well as the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78-u4(a)(7), and constituted due and sufficient notice of the matters set forth herein. The Court finds that a full opportunity has been afforded to Class Members to object to the Settlement and/or to participate in the Final Approval Hearing. Furthermore, the Court hereby affirms that due and sufficient notice has been given to the appropriate State and Federal officials pursuant to the Class Action Fairness Act, 28 U.S.C § 1715.

5. The Settlement set forth in the Stipulation is fair, reasonable, and adequate. In making this determination, the Court has considered factors with respect to fairness, which include "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity and likely duration of further litigation; (3) the risk of maintaining class action status throughout trial; (4) the amount offered in

settlement; (5) the extent of discovery completed; (6) the experience and views of counsel; (7) the presence of a governmental participant; (8) the reaction of the class members to the proposed settlement; and (9) the absence of collusion in the settlement procedure." *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

    (i) The Settlement was vigorously negotiated at arm's length by Class Plaintiffs on behalf of the Class and by Defendants, all of whom were represented by highly experienced and skilled counsel. The case settled only after: (a) a mediation conducted by an experienced mediator who was thoroughly familiar with this litigation; (b) the exchange of detailed mediation statements prior to the mediation which highlighted the factual and legal issues in dispute; (c) extensive paper and deposition discovery; and (d) class certification. Accordingly, both Class Plaintiffs and Defendants were well-positioned to evaluate the Settlement value of this Action. The Stipulation has been entered into in good faith and is not collusive.

    (ii) If the Settlement had not been achieved, both Class Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation. The Court takes no position on the merits of either Class Plaintiffs' or Defendants' arguments, but notes these arguments as evidence in support of the reasonableness of the Settlement.

  6. Class Plaintiffs and Class Counsel have fairly and adequately represented the interest of the Class Members in connection with the Settlement.

  7. Class Plaintiffs, all Class Members, and Defendants are hereby bound by the terms of the Settlement set forth in the Stipulation.

  8. The Settlement on the terms set forth in the Stipulation is finally approved as fair, reasonable and adequate. The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation. The Parties are to bear their own costs and attorneys' fees, except as otherwise provided in the

Stipulation and, as among Defendants, as governed by any contract existing between or among two or more Defendants.

9. All Released Parties as defined in the Stipulation are released in accordance with, and as defined in, the Stipulation.

Upon the Effective Date, Class Plaintiffs and each Class Member shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, whether or not such Class Member executes and delivers a Proof of Claim and Release. Nothing contained herein shall, however, bar any action or claim to enforce the terms of the Stipulation or this Judgment.

10. Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released Plaintiffs and Class Counsel from any claim related to this Action or the prosecution thereof. Nothing contained herein shall, however, bar any action or claim to enforce the terms of the Stipulation or this Judgment.

11. Upon the Effective Date, in accordance with 15 U.S.C. § 78u-4(f)(7)(A), all Persons shall be enjoined and barred from commencing or continuing any claim, cross-claim, third-party claim, claim over, or action in any forum against the Released Parties, seeking, as damages, indemnity, contribution, or otherwise, the recovery of all or part of any liability or settlement which such persons (i) paid, (ii) were obligated to pay or agreed to pay, or (iii) may become obligated to pay to the Settlement Class, as a result of such persons' liability for or participation in any acts, facts, statements or omissions that were or could have been alleged in the Action. Further, upon the Effective Date, NantKwest and the Individual Defendants shall be enjoined and barred from commencing or continuing any claim, cross-claim, third-party claim, claim over, or action in any forum against the Underwriter Defendants, seeking, as damages, indemnity, contribution, or otherwise, the recovery of all or part of any sum (including but not limited to

attorneys' fees) that NantKwest or any Individual Defendant paid, was obligated to pay or agreed to pay, or may become obligated to pay, arising from the Action. Notwithstanding the foregoing, nothing herein shall affect other obligations or claims between or among the Released Parties, including any contractual obligations NantKwest may have to pay or reimburse defense costs (including reasonable attorneys' fees) incurred in the Action by the Underwriter Defendants, or claims, cross-claims, third-party claims, claims over, or actions based on any such obligations.

12. All Class Members who have not made their objections to the Settlement, or any aspect thereof (including Plaintiffs' application for an award of attorneys' fees and for reimbursement of their out-of-pocket costs incurred in the prosecution of the Action (the "Fee Request")), in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise.

13. All Class Members who have failed to properly file requests for exclusion (requests to opt out) from the Class are bound by the terms and conditions of the Stipulation and this Final Judgment.

14. The requests for exclusion, if any, by the persons or entities identified in Exhibit A to this Judgment are accepted by the Court.

15. All other provisions of the Stipulation are incorporated into this Judgment as if fully set forth herein. To the extent that the terms of this Judgment conflict with the terms of the Stipulation, the Stipulation shall control.

16. Plaintiffs are hereby barred and enjoined from instituting, commencing, maintaining, or prosecuting in any court or tribunal any of the Released Claims against any of the Released Parties.

17. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be, or may be used as, a presumption,

concession, or admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of the Defendants or any of the Released Parties; or (b) is or may be deemed to be, or may be used, as a presumption, concession, or admission of, or evidence of, any fault or omission of any of the Defendants or any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed to be an admission or evidence that any claims asserted by Class Plaintiffs lacked merit in any civil, criminal or administrative proceeding. Defendants and the Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Pursuant to, and in full compliance with, the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to all Persons and entities who are Class Members advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to all Persons and entities who are Class Members to be heard with respect to the Plan of Allocation.

19. The Court hereby finds and concludes that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice of Proposed Settlement of Class Actions sent to Class Members, provides a fair and reasonable basis upon which to allocate the net proceeds of the Settlement among Class Members, with due consideration having been given to administrative convenience and necessity.

20. In the event that the Stipulation is terminated in accordance with its terms: (i) this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*; and (ii) the Action shall proceed as provided in the Stipulation.

21. Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and expenses in the Action; and (d) all Parties hereto for the purpose of construing, enforcing, and administrating the Stipulation.

22. The Court finds and concludes that during the course of this Action, the Defendants, Defendants' Counsel, Class Plaintiffs and Class Counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. No Party or their respective counsel violated any of the requirements of Rule 11 of the Federal Rules of Civil Procedure with respect to any of the complaints filed in this Action, any responsive pleadings to any of the above complaints or any motion with respect to any of the above complaints.

23. Notice of Class Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses was given to all potential Class Members who or which could be identified with reasonable effort. The form and method of notifying the Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.,* as amended, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

24. Class Counsel are hereby awarded attorneys' fees in the amount of 25% of the Gross Settlement Fund (which is equal to the Settlement Amount, plus interest earned thereon from the date the Settlement Fund was funded to the date of payment), and $177,408.07 in reimbursement of Class Counsel's litigation

expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable.

25. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $12,000,000 in cash, plus interest, that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who or which submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Class Counsel;

(b) The fee sought by Class Counsel has been reviewed and approved as reasonable by the Court-appointed Class Representatives, who oversaw the prosecution and resolution of the Action;

(c) Approximately 25,375 copies of the Notice were mailed to potential Class Members and nominees stating that Class Counsel would apply for attorneys' fees in an amount not exceed 25% of the Settlement Amount and reimbursement of Lead Counsel's litigation expenses in an amount not to exceed $250,000;

(d) Class Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e) The Action raised a number of complex issues;

(f) Had Class Counsel not achieved the Settlement, there would remain a significant risk that Plaintiffs and the other members of the Class may have recovered less or nothing from Defendants;

(g) Class Counsel devoted over 5,000 hours of professional time, with a lodestar value of approximately $3,123,720, to achieve the Settlement;

(h) The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases; and

(i) There were no objections to the requested attorneys' fees and expenses.

26. The two Court-appointed Class Plaintiffs (Donald Hu and Brayton Li) are awarded $7,500 each, to be paid from the Settlement Fund as reimbursement for the reasonable costs and expenses, including time spent, directly related to his representation of the Settlement Class.

27. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

28. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

29. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

30. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

Dated: May 13, 2019.

_____
MICHAEL W. FITZGERALD
United States District Judge

# EXHIBIT A

*Sunil Sudunagunta v. Nantkwest, Inc. et al*, Case No. 2:16-cv-01947-MWF-JEM (C.D. Cal.)
**Exclusion Report**

| Exclusion | Name | Date | City | State | Number of Shares |
|---|---|---|---|---|---|
| 1. | Robert Dean Ehlen | 4/12/2019 | Napa | CA | Purchased 30 shares on 7/28/2015 |